LAND, J.
This is a suit to foreclose a mortgage executed, by the defendant to secure his note for $2,500, with interest, attorney fees, and costs. The defendant pleaded that the land mortgaged was his homestead, and was, therefore, exempt from seizure and sale. There was judgment in favor of the plaintiff, and the defendant has appealed.
The mortgage in question was executed by the defendant on April 28, 1908, and the property mortgaged was a farm of 160 acres, more or less, situated in the parish of Bienville.
At the date of the mortgage the defendant was not living on his farm, but was residing with his family in the town of Saline, in a dwelling owned by him, and was there engaged in the mercantile business. While residing in Saline, the defendant continued to cultivate his farm, about six miles distant. The defendant failed in business and moved back to his farm, about four months after the execution of the mortgage in favor of the plaintiff. The question whether the defendant was merely temporarily absent from his farm is a question of fact, which was decided against him in the lower court. The purchase of a dwelling house in Saline, in which the defendant’s -family resided continually for more than a year, is strong evidence of his intent to establish a permanent residence in that place, where he and his son conducted a commercial business. Defendant voted at one election held in Saline, which he could not have done lawfully, if he had been a resident of the precinct in which his farm was situated. In short, the defendant, with his family, actually resided in the town of Saline, under such circumstances that he could have successfully claimed his dwelling there as his homestead. His visits to his farm were for the purpose of business, and did not constitute a residence in any sense of the term. A member of the plaintiff’s company testified that, at the time the mortgage was executed, the defendant told him that he lived in Saline, and that the farm was not his homestead. Defendant’s version of the same conversation is that he said that he lived in Saline, but Ms home was on his farm. It is not very probable that the plaintiff would have been content with a mortgage on property which defendant at the time declared to be his homestead.
[1, 2] Under article 244 of the Constitution of 1898, a homestead may be rural or urban, but no debtor can have at the same time two homesteads exempt from execution. Where a debtor has two places of residence, the test of homestead exemption is the nature and extent of his occupancy. In this case, the urban homestead had been occupied continuously by the defendant and his family for. more than a year prior to the date of the mortgage. The rural homestead had been visited, but was not occupied by the defendant and his family. The defendant should not be permitted to shift his homestead at the expense of his mortgage creditors.
Judgment affirmed.