(112 So. 647)

No. 27954.

LOUISIANA RED CYPRESS CO. v. RABA-LAIS (PEOPLE'S BANK & TRUST CO., Intervener).

March 28, 1927. Rehearing Denied April 25, 1927.

*(Syllabus by Editorial Staff.)*

1. **Homestead**  ⬉97—Where mortgage on homestead is for materials used in building house, homestead exemption is unavailable to debtor (Const. 1898, art. 245; Const. 1913, art. 245; Const. 1921, art. 11, § 2).

Under Const. 1898, art. 245, Const. 1913, art. 245, and Const. 1921, art. 11, § 2, providing that homestead exemption shall not apply to debts for labor, money, and materials, for building, repairing, or improving homesteads, where mortgage was given for balance due for lumber and materials used to build house on homestead, homestead exemption was unavailable to debtor.

2. **Homestead**  ⬉97—Creditor need not register evidence of debt for improving homestead to enforce it (Const. 1898, art. 245; Const. 1913, art. 245; Const. 1921, art. 11, § 2).

The provisions of the Const. 1898, art. 245, Const. 1913, art. 245, and Const. 1921, art. 11, § 2, that the homestead exemption shall not apply to debts for labor, money, and materials furnished for building, repairing, or improving homesteads, are self-operative, and hence do not require as condition to right of creditor to enforce payment of debt against homestead that he should register evidence of his debt.

3. **Homestead**  ⬉128—Subsequent mortgagee was chargeable with notice of character of prior recorded mortgage on homestead.

Where mortgage for lumber and materials furnished in improving homestead was recorded, subsequent mortgagee was put on notice thereof, and fact that property was homestead of debtor, and that debtor could not claim exemption.

4. **Homestead**  ⬉176—One having mortgage enforceable against homestead could not be affected by debtor's homestead waiver in subsequent mortgage.

Debtor's homestead waiver could bind only the debtor and the particular debt and could not affect one who held a prior mortgage, which was enforceable against the homestead.

Appeal from Fifteenth Judicial District Court, Parish of Vermilion; W. W. Bailey, Judge.

Suit to foreclose a mortgage by the Louisiana Red Cypress Company against A. P. Rabalais, in which defendant and another filed oppositions. From the judgment plaintiff appeals. Judgment annulled and reversed, and oppositions dismissed.

W. J. Carmouche, of Crowley, and Monroe & Lemann, of New Orleans, for appellant.

Nugier & Gordy and Kitchell & Boudreaux, all of Abbeville, for appellees.

THOMPSON, J. This case presents a contest between two conventional mortgage creditors over the proceeds of the sale of the homestead of their common debtor.

The plaintiff held the ranking mortgage in point of registry, but the mortgage did not contain a homestead waiver.

The second mortgage was in favor of the People's Bank & Trust Company and contained a special waiver of the homestead.

The homestead consisted of a lot in the town of Geydan, with the buildings and improvements thereon. It was occupied by the debtor and his family at the time each mortgage was executed and at the time the property was seized and sold.

The property was sold without opposition in foreclosure via ordinaria of plaintiff's mortgage.

The net proceeds of the sale amounted to $840.65 and is held by the sheriff.

A few days before the sale the defendant filed an opposition, in which he claimed to be paid all of the proceeds of the sale of his homestead in excess of the amount due on the mortgage of the People's Bank in which he had waived his homestead.

The bank also filed an opposition, in which it asserted the homestead waiver and its right to be paid out of the proceeds of the sale of the property in preference to the plaintiff.

In answer to these oppositions the plaintiff alleged that its mortgage debt was for lumber and materials furnished to and used by the defendant in the construction of the dwelling on the homestead, and that, under the Constitution, the homestead could not be pleaded against such a debt.

It was testified by the defendant on the trial of the case that the debt due the plaintiff and evidenced by the mortgage represented the balance due for lumber and materials furnished and used to build the house on his homestead.

And in the brief of counsel for the second mortgage creditor, it is stated that plaintiff's claim represents a balance due for material used in the building erected on the homestead.

On a trial of the oppositions the court rendered judgment ordering the funds to be paid to the People's Bank to the extent of its claim, and the balance, if any, to be paid over to the defendant.

As the property brought but little in excess of the claim of the bank, and much less than the amount of plaintiff's debt, the defendant, as suggested by counsel, is practically without interest in the case.

[1] The issue is therefore reduced to the question of the right of a second mortgage creditor with a homestead waiver to be paid the proceeds of the sale in preference to a prior recorded mortgage which was given for a debt for lumber and materials bought by the debtor and used in improving the homestead.

From the facts as stated, it is quite clear that the defendant could not plead the homestead exemption against the plaintiff's debt for the very obvious reason that in the Constitutions of 1898 (article 245), 1913 (article 245), and 1921 (article 11, § 2), it is expressly provided that the homestead exemption shall not apply to debts for labor, money, and materials furnished for building, repairing, or improving homesteads.

[2] Nor could the debtor plead against the creditor the right of exemption because of the fact that the creditor had not preserved a privilege for the materials furnished by timely and proper registry of the evidence of the debt. The provisions of the Constitutions referred to are self-operative and do not require as a condition to the right of the creditor to enforce payment of such a debt against the homestead of his debtor, that the creditor should cause to be registered the evidence of his debt.

It is the nature and character of the debt, and not the question of registry or privilege to secure the debt, which must be taken into consideration in determining the right of the debtor to claim the homestead exemption.

A very similar question came before this court in the case of Baker v. Frellsen, 32 La. Ann. 822.

In that case the debtor claimed a homestead exemption on 160 acres of land, including his residence, and he sought to annul a judgment because the words "and vendor's privilege," through error and fraud, had been incorporated and interpolated in said judgment.

He prayed for an injunction restraining the execution of the judgment against his homestead.

The court dissolved the injunction and rejected the demand of the plaintiff.

This court on rehearing said:

"The petition in the case shows that the consideration of the judgment on which execution had issued, and which the injunction had arrested, was the purchase price of the identical property in question, such price remaining unpaid.

"The nonpayment of the price of sale is a good cause for the rescission of the contract. It is not until the price has been paid that title of ownership unconditionally vests in the purchaser. It is not, until then, that he can claim to have the property exempted from the payment of his debts, as his homestead."

The court further said, on page 829 of the opinion:

"The question of privilege or no privilege of vendor is practically of no significance in a case like the present one, in which a claim to a homestead is asserted where the purchase price is unpaid."

It may be observed in this connection that, under our Constitutions, the homestead cannot be claimed against a debt for the purchase price of the property or any part of such purchase price.

In the case of Heinss v. Henry, 127 La. 770, 54 So. 24, the court said:

"The exception of the purchase price of property, movable and immovable, from the homestead exemption, rests on the equitable principle that a purchaser should not be permitted to retain both the property and the price. The exception of money, labor, and material furnished for building, repairing, and improving the homestead rests on the same principle."

Our conclusion is that the plaintiff was not required to record the evidence of his debt as a prerequisite to enforce its payment or to preserve the privilege, which the statute law of the state grants to furnishers of materials, and that the defendant could not claim the exemption because of the fact of nonregistry of the evidence of the debt.

This seems to be the view in other jurisdictions.

In the case of Miller v. Brown and Forsythe, 11 Lea (Tenn.) 155, a furnisher of materials sought to enforce his claim against a homestead. The statutory lien had not been preserved by proper registry. The court held that the exemption could not be claimed against a debt or liability contracted for improvements made thereon:

"The lien of the mechanic may be lost, but the debt for the improvement remains. It has been so held in the analogous case of a vendor's lien: Bently v. Jordan, 3 Lea [Tenn.] 353, 358. The homestead is not exempt from the debt."

And in the case of Nickerson v. Crawford, 74 Minn. 366, 77 N. W. 292, 73 Am. St. Rep. 354, the court held:

"They (the constitutional provisions relative to the homestead exemption) require no legislation to carry them into effect. Their direct effect is to make property, which is exempt from seizure and sale for other debts, liable to seizure and sale for debts of the kinds enumerated, to the same extent, and in the same way, as if no exemption law existed. * * *

"What counsel says as to the extension of time by the acceptance of renewal notes is based upon the erroneous assumption that plaintiffs' remedy was by enforcement of a lien under the mechanic's lien law, and hence need not be further considered."

In the case of Kleindorfer v. Dascomb Daniels Lumber Co., 102 Okl. 60, 226 P. 354, the court held that the homestead was liable for the purchase price of material used in constructing the homestead residence, although the creditor had not recorded or preserved his material lien.

"The homestead, therefore, is subject to sale for the satisfaction of a debt representing the purchase price of material used in constructing improvements thereon, just as any other property of the judgment debtor, and this without regard to the creation or existence of a lien therefor."

It is contended on behalf of the second mortgage creditor that it loaned the money secured by its mortgage upon the faith of the public records which did not disclose the fact that plaintiff's debt represented the purchase price of materials used in improving the

homestead, and that it is protected by the constitutional provision (Const. 1921, art. 19, § 19), which declares that no mortgages or privileges on immovable property, or debts for which preference may be granted by law, shall affect third persons unless recorded or registered in the parish in which the property is situated in the manner and within the time prescribed by law.

The constitutional provision referred to has no pertinence in this case.

What has been said with reference to the defendant's being without right to claim a homestead against the plaintiff applies with equal force against the contention made by the bank, and that is that neither the Constitution nor any statute law has required that a creditor of the class designated should record the evidence of his debt or should have a privilege before he can enforce the same against the homestead of the debtor.

[3] The bank was put on notice of the prior mortgage and of the fact that the property was the homestead of the debtor. It was therefore incumbent on the bank to have inquired into the nature and character of the debt evidenced by such prior mortgage. The bank was bound to know as a matter of law that, if that debt was of the nature and character designated in the Constitution, then the debtor could not claim the exemption.

[4] It must be remembered that the plaintiff holds the superior mortgage, and the only ground upon which the bank asserts a preference is that there was a waiver of homestead in its favor and which had not been granted plaintiff. But the waiver was only binding on the debtor and for that particular debt.

It could not affect the plaintiff, holding a prior mortgage and against which the homestead could not be claimed. The debtor could not waive in favor of the bank or give to the bank the right to plead an exemption which he could not himself plead against the plaintiff.

The judgment appealed from is annulled and reversed, and the oppositions of the defendant A. P. Rabalais and of the People's Bank & Trust Company are dismissed, and the demands therein contained are rejected with costs in both courts.