LOTTINGER, Judge.
■ This is a suit to enjoin a sale of property belonging to petitioners under a writ of fieri facias for a price less than the constitutional homestead exemption of $4,000. The Lower Court held in favor of petitioners and granted the injunction. Defendants have taken this appeal.
The record discloses that on December 21, 1957, the petitioners, Percy O. Miller, and his wife, Massie L. Miller, executed a chattel mortgage in favor of defendants, Southeastern Finance Service, Inc. The said chattel mortgage was in authentic form and bore against certain household furniture and appliances owned by petitioners. Petitioners defaulted in the payments under the said mortgage and suit via ordinaria was filed by the defendants which resulted in a judgment against petitioners on February 25, 1959. Although execution was attempted by the defendants, a third party claimed a vendor’s lien against the property described in the chattel mortgage, and so the execution against the said property was abandoned. Defendants then secured a writ of fieri facias and a one acre tract occupied by petitioners as a homestead was seized and advertised for sale. The present suit followed the seizure of the tract of land.
The evidence shows that the act of chattel mortgage, although it did not bear against any real property belonging to petitioners, did contain a blanket homestead exemption clause wherein petitioners did grant to defendants a general waiver of all homestead rights in any property owned at the time of the chattel mortgage or any property thereafter acquired by petitioners. The property in question before us was not purchased by petitioners until November 17, 1958, which was almost one year after the execution of the chattel mortgage. The record is not clear as to whether the chattel mortgage was ever recorded by defendants, *879 however, in his brief, the attorney for defendants cites the recordation of same.
The question, therefore, before us is whether or not a party may, in an act of chattel mortgage which does not bear against the homestead, waive any and all rights which he may then have or thereafter acquire in and unto the homestead exemption as provided by Article Eleven (11), Section One (1) of the Louisiana Constitution, LSA. The Constitution provides that there shall be exempt from seizure and sale the bona fide homestead owned by the debtor and occupied by him to the total value of $4,000. This right is given to every head of a family, or person having a mother or father or a person or persons dependent on him or her for support. Section Three (3) of Article Eleven (11) of the Louisiana Constitution provides that any person entitled to a homestead may waive same, in whole or in part, by signing a written waiver thereof. This section further provides that all such waivers shall be recorded in the mortgage records of the Parish where the homestead is situated, and may be either general or special, and takes effect from the time of recordation.
It appears from the jurisprudence that the question as to whether or not the waiver was recorded is moot, as the Courts have held that the failure to record the homestead waiver has no effect between persons executing the waiver and those in whose favor it is given. Jeffcoat v. Hammons, La.App., 160 So. 182. The purpose for recording the waiver is obviously for the benefit of third parties and so, according to the jurisprudence, the defendant has not lost its homestead waiver by virtue of its failure to record same, as no third parties have entered the picture.
The next question presented is as to whether or not a general homestead waiver contained in an act of chattel mortgage might affect a homestead subsequently acquired by the mortgagors, if that homestead was not included in the act of chattel mortgage. The Courts have held that a homestead waiver might be effected by a private act, and it is not necessary that the waiver be , included in an act of mortgage. The courts have further held that waivers of exemption on future ’ indebted-nesses are valid. Oxford v. Colvin, 134 La. 1094, 64 So. 919; Martin v. Gary, 132 La. 246, 61 So. 218. Although we have found no cases exactly in point to the present situation, it certainly appears from the holdings above mentioned that a. written instrument of waiver of homestead against a homestead to be acquired in the future is valid and enforceable. We feel, therefore, that the Lower Court was in error and its judgment granting the injunction will be reversed.
One other question was presented by petitioners and is to the effect that they had no knowledge that the homestead waiver was contained in the act of chattel mortgage, and had they known it was present they would have refused to sign the mortgage. There is no allegation of fraud, however, nor is there any contention that the petitioners were unable to read and write. The act was by authentic form and we feel that they are bound by their signatures.
For the reasons assigned, the judgment of the Lower Court is reversed, and there is judgment herein in favor of defendants vacating the injunction order granted below and dismissing petitioner’s suit, all costs to be paid by petitioners.
Judgment reversed.