GLADNEY, Judge.
The judgment under review recognized and determined as to certain secured claims the order of disbursement of proceeds from a judicial sale involving the homestead of P. J. and Jessie Andrews situated near Marion in Union Parish. The contesting parties are: Bevis Industries, Inc. and B & P, Inc. (substituted for John P. Corcoran, Trustee, the original plaintiff herein) and *769 holders of a judicial mortgage; intervenor, Farmerville Bank of Farmerville, the holder of a special mortgage affecting 38 acres of the homestead; and the defendants Andrews. Charles H. Allen, title claimant to one acre of the property seized, met with no opposition and his demand has been recognized by all interested parties. Judgment of the trial court fixed the amount of the secured claim of the bank which contained a homestead waiver and accorded its payment first priority and directed that said amount reduce the $4,000 statutory homestead exemption claimed by the Andrews. The remainder of this exemption, however, was decreed to have preference over the demands of plaintiffs. From the judgment so rendered plaintiffs have appealed and the Farmerville Bank has likewise appealed. The bank and defendants have filed answers to the appeal of plaintiffs.
Prior to August 28, 1961 the Andrews occupied as their homestead a 40 acre tract of land. Wishing to construct a house on the property for the use of their son they executed in favor of Bevis Shell Homes and B & P, Inc. a special mortgage affecting one acre in the southeast corner of the property, evidenced by a note of $2,800, together with interest and attorneys’ fees. The act of special mortgage contained a special homestead waiver which was applicable only “insofar as the property hereby mortgaged is concerned.” Plaintiffs constructed a four room house on the tract but through error placed it outside of the one acre mortgaged to them. After payments on the note became delinquent this suit for foreclosure by executory process was filed, but upon discovering that the house had not been erected upon the land covered by the mortgage, the proceeding was converted to ordinary process and the amount of the indebtedness due from Andrews and his wife was reduced to a judgment which was recorded on December 5, 1963.
Andrews and his wife on December 1, 1962 executed a special mortgage with homestead waiver for the principal sum of $2,500 with interest and attorneys’ fees. The note evidencing this obligation was payable to makers on demand, duly endorsed and was held and used as collateral by the Farmerville Bank. The mortgage did not include the one acre previously mortgaged to plaintiffs. Andrews on June 16, 1965 executed a chattel mortgage for the purchase of an automobile which indebtedness was for the principal sum of $1,134.44. This additional indebtedness was carried by the bank in the same account with the prior indebtedness secured by the special mortgage note. The bank’s petition of intervention prayed for and the sheriff was ordered to have an appraisal made and to sell separately: the land embraced in the bank’s mortgage, the one acre of land affected by the mortgage in favor of plaintiffs, and the house known as the Bevis Shell home located on the 38 acres affected by the bank’s mortgage.
P. J. Andrews and Jessie Andrews assert their entitlement to the $4000 exemption for their homestead provided by Article XI, Section 1 of the Louisiana Constitution of 1921. In their answer to the appeal defendants urge that the judgment should be revised to maintain their special plea in bar to the execution of the judicial mortgage, contending it was extinguished upon their discharge in bankruptcy; that the judgment of the trial court was in error in failing to allow each defendant a homestead exemption of $4,000 free and clear of all judgments, liens, mortgages, privileges and other encumbrances; and that, alternatively, the judgment should be revised to the end that defendants would be paid $4,000 free and clear of all judgments, mortgages, etc.
Plaintiffs urge error in the Court’s holding that the homestead exemption should affect their judgment for money used for the construction of a house constituting an improvement on the homestead property and further error is charged in that payment of the indebtedness subject to the mortgage of the Farmerville Bank should include *770 attorneys’ fees, it being argued such fees were not earned prior to the bankruptcy proceedings.
The Farmerville Bank contends the judgment appealed from should be amended to increase intervenor’s claim to $3,169.21 with interest and 10% attorneys’ fees and paid by preference and priority over all other claims.
The Andrews’ homestead originally consisted of 40 acres of land. One acre of the property was sold to Allen and is of no further concern in these proceedings, and one acre was mortgaged to plaintiffs, the act of mortgage containing a special homestead waiver, that is, the waiver was limited to the one acre so mortgaged. The remainder of the property was specially mortgaged with homestead waiver to the Farmerville Bank. Under date of August 15, 1966 P. J. Andrews and his wife filed a bankruptcy petition and eventually received a discharge from certain obligations. The judicial mortgage in favor of plaintiffs and the mortgage in favor of the bank preceded the filing of the bankruptcy proceeding by more than four months. On account of these liens and the homestead exemption claimed by the Andrews, the bankruptcy court disclaimed any interest in the property.
The instant case presents no question as to the validity of the homestead which must be recognized according to the terms of Article XI, Sections 1, 2, 3 and 4 of the Louisiana Constitution. A valid homestead exemption claim must be asserted by a bona fide owner of land which he occupies as a residence and as the head of a family or with persons dependent upon him for support, and the property must not exceed $4,000 in value. Engstrom’s of Alexandria, Inc. v. Vaughn, La.App., 138 So.2d 672 (3rd Cir. 1962). The right to claim the homestead exemption is personal to the landowner. Lamar Life Insurance Company v. Babin, La.App., 148 So.2d 366 (1st Cir. 1963); affirmed 246 La. 19, 163 So.2d 81. The courts have held that a debtor cannot at the same time have two homesteads exempt from execution. Crawford-Jenkins and Booth v. Rogers, 129 La. 832, 56 So. 904 (1911).
The primary contention of plaintiffs is that their claim against defendants represents labor, money and material used in the construction of the house on the homestead property and constitutes a debt for an improvement of the homestead expressly excepted from the homestead exemption. The contention is meritorious. The second paragraph of Article XI, Section 2 specifically provides that the homestead shall not apply to debts for labor, money or material furnished for building, repairing or improving homesteads. In the instant case, although the house constructed by plaintiffs has not been occupied by the Andrews as a residence, it nevertheless constitutes an improvement on the homestead property and therefore falls within the exception. The failure of plaintiffs to record notice of their claim can have no effect between plaintiffs and their debtors, third persons not being involved. Miller v. Southeastern Finance Service, Inc., La.App. 122 So.2d 877, 82 A.L.R.2d 979 (1st Cir. 1960, Cert. denied). Our Supreme Court has recognized the force of the exception and declared it is self-operative and does not require recordation. Louisiana Red Cypress Company v. Rabalais, 163 La. 679, 112 So. 647 (1927).
Defendants have urged that the trial court erred in ruling that the secured claim of the bank should be paid from the $4,000 homestead exemption. The bank’s mortgage contained a homestead waiver and the judgment properly provided that such indebtedness must be deducted from the homestead exemption. Harvey v. Thomas, 239 La. 510, 119 So.2d 446 (1960) held that the amount due under a lumber company judgment was properly ordered paid from the $4,000 homestead exemption where it was shown that the debt was incurred for materials in repairing or improving the homestead. The same principle must be recog *771 nized where there was a homestead waiver as prescribed in the bank’s mortgage.
It is argued by defendants that their discharge in bankruptcy constitutes a bar to enforcement of any mortgage, lien or privilege which attaches to the bankrupt’s property. However, this principle of law has no application where such mortgages, liens or privileges have existed for more than four months prior to the filing of the petition for bankruptcy. Jaubert Brothers v. Landry, La.App., 15 So.2d 158 (1st Cir. 1943); Excel Finance Camp, Inc. v. Tannerhill, La. App., 140 So.2d 202 (4th Cir. 1962); Louisiana Machinery Company, Inc. v. Passman, La.App., 158 So.2d 419 (3rd Cir. 1963).
The Farmerville Bank in its answer to the appeal requests that the amount recognized by the trial court as affected by its mortgage should be increased to the principal sum of $3,169.21, together with certain interest and attorneys’ fees. The increase requested constitutes the indebtedness of defendants to the bank on the chattel mortgage note above referred to. This claim of the intervenor was not included in its pleadings and may not be recognized. The attorneys’ fees, however, which have accrued in the secured claim of the' bank and to which plaintiffs have objected, should be allowed as part of intervenor’s secured claim, all as provided for in the judgment from which appealed. We disagree with plaintiffs’ counsel that such fees were not earned.
Forasmuch as the sums due plaintiffs and the intervenor bank must be ranked and the rights of homestead owners determined prior to the actual sale ■of the property, it is proper that the sale should provide for separate appraisements and separate sales for the following specific property:
The NE 14 of NE (4 °f Section 36, Township 23 North, Range 1 East, less and except one acre in the Southeast Corner thereof and less one acre in the Northeast Corner thereof, containing 38 acres, more or less, together with the dwelling house of P. J. Andrews.
One acre of land situated in the Southeast Corner of the NE of NE (4 of Section 36, Township 23 North, Range 1 East,
And the house located on the 38 acres above described known as the Bevis Shell home.
The judgment from which appealed is amended by providing plaintiffs’ claim shall be recognized as an exception to the homestead exemption and ranked next to the secured claim of the Farmerville Bank as adjudicated by the trial court. As so amended, the judgment is affirmed.
All cost should be assessed against the defendants and paid from the proceeds realized from the sale of the property.