FRUGÉ, Judge.
This is an action by the plaintiff Travelers Indemnity Company (hereinafter Travelers) to seize and sell certain immovable property in Grant Parish owned by the defendant Huey Dubois. The defendant sought an injunction permanently enjoining the plaintiff from seizing and selling the property, which the trial court granted. Plaintiff appeals.
On September 17, 1968, Travelers obtained a judgment of $5,000.00 in a tort action against Huey Dubois in Rapides Parish which was duly recorded in that parish. On January 6, 1969, Dubois filed a petition in Bankruptcy in the United States Courts *913 for the Western District of Louisiana including the Rapides Parish judgment on his list of scheduled debts. Also listed in the petition as an asset was an 18.7-acre tract of land in Grant Parish which gave the bankruptcy trustee control of the property.
On March 10, 1969, Dubois was discharged in bankruptcy. Cn May 28, 1969, the plaintiff made its Rap'des Parish judgment executory in Grant Parish. On August 27, 1969, the bankruptcy trustee returned the 18.7 acres of land to the bankrupt “subject to any existing liens or mortgages.”
On November 7, 1969, the plaintiff requested the Clerk of Court of Grant Parish to issue a writ of fieri facias ordering the Sheriff of Grant Parish to seize and sell the 18.7-acre tract of land in satisfaction of the Rapides Parish judgment, which had been made executory in Grant Parish.
When the sheriff attempted to seize and sell the property under the writ of fieri fa-cias, Dubois requested the court to require Travelers to show cause why Travelers should not be permanently enjoined from seizing and selling the property.
When Travelers recorded the Rapides Parish judgment in Rapides Parish, it obtained, in addition to the personal obligation against Dubois, a judicial mortgage (or lien) on all property owned by Huey Dubois in that parish. When Dubois secured a discharge in bankruptcy including that judgment, it was no longer an enforceable personal obligation against Du-bois. It was reduced to a mere in rem right against Dubois’ property which was affected by the judicial mortgage at the time of his discharge in bankruptcy. After Dubois’ discharge in bankruptcy, the judgment’s in rem effect could not be extended to Huey Dubois or his property not already affected any more than it could to any other person or any other property.
The plaintiff cites several cases in an attempt to show that the Rapides Parish judgment “is not voidable at all.” Corcoran v. Andrews, 195 So.2d 767 (La.App.2d Cir. 1967), cited by the plaintiff only held that the discharge in bankruptcy did not constitute a bar to enforcement of any mortgage, lien or privilege which attaches to the bankrupt’s property more than four months prior to the filing of the petition for bankruptcy. The defendant has no disagreement with that case. Henry v. Roque, 18 So.2d 917 (La.App.2d Cir. 1944), cited by the plaintiff serves only to reiterate the in rem nature of a judgment against a party who is subsequently discharged in bankruptcy. In that suit, to revive such a judgment, the court said at page 920: “In regard to the question of costs incurred in the revival suit, it is our opinion that as costs follow the judgment the status of those involved herein is identical with that of the judgment; that is, the judgment being in rem the costs are of the same character, and may only be collected in the same manner.”
The defendant, as indicated earlier, does not contend that a judicial mortgage, lien or privilege existing prior to the discharge in bankruptcy is extinguished by the discharge. The defendant merely relies on the fact that there was no judicial mortgage, lien or privilege affecting the Grant Parish property at the time of his discharge in bankruptcy. Unfortunately for the plaintiff, it did not record its judgment in Grant Parish and obtain a judicial mortgage, lien or privilege directly affecting the property before the defendant obtained his discharge in bankruptcy.
The plaintiff cites various Louisiana Code of Civil Procedure articles regarding execution of judgments in support of its position. These articles, however, contemplate judgments which are still valid personal obligations and must be read in that perspective.
*914 For the foregoing reasons, the judgment of the trial court is affirmed at plaintiff-appellant’s cost.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.
TATE, J., not participating.