MILLER, Judge
(dissenting).
I submit that the majority has disregarded the trial court’s factual determination of credibility of the witnesses and respectfully dissent.
In written reasons the trial court stated that the evidence did not support an award for special or general damages, but $50 was awarded because of the testimony that plaintiff worried about the seizure.
The claim for damages is based on the improper issuance of a writ of fieri facias on November 7, 1969. This writ was served on Dubois on December 7, 1969. On December 15, 1969 Dubois obtained a temporary restraining order preventing proceedings under the seizure. A permanent injunction preventing further proceedings under the seizure was issued on January 16, 1970, and later affirmed by this court at 236 So.2d 912 (La.App. 3 Cir. 1970). Writs were denied by the Louisiana Supreme Court on September 30, 1970. 256 La. 871, 239 So.2d 364 (1970).
When the seizure was made, Dubois was made keeper of the property. The property was not advertised for sale. Although a notice was posted on the property at the time of the seizure, Dubois immediately destroyed it. Dubois expressly testified that this seizure did not lower the value of his property. He did not suggest that the sei *816 zure interfered with the use of his property. Typical of his testimony on direct is the following excerpt:
Q. Well, how did you feel when you were out in the Gulf and had no communications back with Grant?
A. Well, I figured whatever they would do, I would stand a chance when I come back trying to do something else.
Q. Well, were you worried, upset and nervous ?
A. Well, naturally, yes.
Q. Were you mad during this time period?
A. Married ?
Q. Mad.
A. Well, I didn’t know exactly what to be mad at. I was mad at myself,
Q. Did you truly believe that your home might be sold ?
A. For a while I did, yes.
My understanding of Dubois’ testimony is that the worry which most concerned him was his negligence which resulted in the $5,000 judgment which Travelers was seeking to enforce. His testimony concerning the improvidently issued seizure was not impressive in the cold record. I fail to understand how the majority can read so much into the statement that he worried “for a while.”
The cases which awarded up to $750 in damages relied on by the majority (but not cited) are easily distinguished. Each case involved an actual physical displacement of the plaintiffs or seizure followed by public advertisement of the pending sale. Furthermore the facts in those cases lead to the conclusion that the seizures were undertaken without regard to the rights of the various owners and in clear derogation of the law. Dubois was not physically displaced. There was no advertisement stating that the property would be sold. The seizure was wrong (236 So.2d 912), but not in clear derogation of law. Had Travelers judgment (which had been timely recorded in Rapides Parish) been recorded in Grant Parish before Dubois filed for bankruptcy, the seizure would have been valid.
This court has awarded fifteen times more in damages than the trial court awarded. Just as we are admonished to refrain from drastic reductions in trial court awards [Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); and Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971)], we should find substantial manifest error before we drastically increase the trial court’s award.
I respectfully dissent from the rejection of the trial court’s finding of credibility.