Dear Mr. Wooden:
You requested the opinion of this office as to what constitutes "occupied" for purposes of Article VII, Section 20(A) (1), of the Louisiana Constitution of 1974 (the "homestead exemption").
Article VII, Section 20(A) of the Louisiana Constitution provides:
 (1) The bona fide homestead, consisting of a tract of land or two or more tracts of land with a residence on one tract and a field, pasture, or garden on the other tract or tracts, not exceeding one hundred sixty acres, buildings and appurtenances, whether rural or urban, owned and occupied by any person, shall be exempt from state, parish, and special ad valorem taxes to the extent of seven thousand five hundred dollars of the assessed valuation. (Emphasis supplied.)
We have found no specific definition of "occupied" for the purposes of the homestead exemption. The determination of whether or not a particular party "occupies" a place as a residence sufficiently to meet constitutional requirements is based on the individual facts of each case. Earlier constitutions of the State of Louisiana also required that the property be "occupied" in order to be entitled to the homestead exemption. For this reason, prior jurisprudence and Attorney Generals' opinions may offer some guidance to you, as Assessor, when making the determination of when a tract of land is deemed "occupied" for purposes of the homestead exemption. The following is a synopsis of the pertinent jurisprudence and opinions which we hope you will find helpful.
It is well settled that only one homestead exemption can be claimed. Corcoran v. Andrews, 195 So.2d 767, 770 (La.App. 2nd Cir. 1967); citing to Crawford-Jenkins and Booth v. Rogers,129 La. 832, 56 So. 904 (1911); Op. Atty. Gen. 1940-42, p. 4117; Op. Atty. Gen. 1942-22, p. 1678. If two pieces of property are claimed as a homestead, one must be occupied as a residence by the claimant and the other must be used as a field, garden or pasture by the same claimant. Op. Atty. Gen. 1942-44, p. 1660; Op. Atty. Gen. 1942-22, p. 1678. Since a person may have more than one residence, he is entitled to have a homestead exemption on one of them as long as he intends to return to the one residence with the exemption at some point in the future. Op. Atty. Gen. No. 86-364; See also R.S. 47:1703.1(B).
The property claimed as a homestead must be actually occupied as a residence by the owner claiming the exemption. Brantley v.Pruitt, 175 La. 879, 144 So. 604 (La. 1932); Op. Atty. Gen. 1940-42, p. 4117. Once the homestead character attaches to the property, continuous and actual occupancy of the property claimed is unnecessary as a taxpayer does not lose the exemption by temporary absence. Op. Atty. Gen. 1948-50, p. 729. Attorney General opinions have found this to be the case where a person while living away returns to occupy the property regularly and does not rent the property to another; and where a person is required to live away from home and allows relatives to occupy the property rent free. Op. Atty. Gen. 1936-38, p. 1054; Op. Atty. Gen. 1940-42, p. 4088. If, however, the owner who claims the homestead never intends to return, even for any element of time in the future to occupy the residence as his home, then the owner would not be entitled to the homestead exemption. Op. Atty. Gen. 84-1058.
Where part of the property is used as income producing property, and another part is occupied as a residence, the part occupied by the owner as a residence is exempt, and the income producing part is not exempt. Op. Atty. Gen. No. 83-1057; Op. Atty. Gen. 1940-42, p. 4129; Op. Atty. Gen. 1934-36, p. 1144; Op. Atty. Gen. 1934-36, p. 1138.
Trusting that this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________________ ELIZABETH K. HARRIS Assistant Attorney General
EKH:jv:0085n