OVICRTON, J.
 

 In a suit instituted by plaintiff against defendant to recover a plot of ground which has been used by defendant’s family as a cemetery since 1S6T, the Court of Appeal for the First Circuit rendered judgment recognizing plaintiff as the owner of the plot, though subject to a stipulation in a deed from Caesar A. Cousin to Louis Cousin, reading as follows, to wit:
 

 “That the portion of ground, or garden, enclosed on the lands herein purchased by Louis Cousin, shall be perpetually reserved as a graveyard or cemetery for the use of the family and friends, of the persons named herein, to whom said cemetery shall be accessible at all times.”
 

 Plaintiff brings the present suit to recover judgment of defendant as follows, to wit: $2,'-400 for the use, enjoyment, and possession of the plot for the period of four years, beginning July 19, 1920; $2,100 for rental, this being the alleged rental value of the plot; and $500 for the annoyance, trouble, and inconvenience caused her by defendant’s taking adverse. possession of the plot on numerous occasions, and by his erecting and maintaining a fence around it.
 

 The judgment of the Court of Appeal, which has long since become final, clearly recognizes the right of defendant, who is of the family of Louis Cousin, to use the land as a family cemetery. Since defendant has not used the land for any other purpose, it is clear that he does not owe plaintiff for depriving her of the use of the land or for the rent thereof; and, since plaintiff and other members of the Cousin family and their friends have a right to use the land for cemetery purposes, it is also clear that defendant has a right to take possession of the plot of ground for those purposes, and to fence it in order to protect the graves and tombs thereon, and hence plaintiff is not entitled to damages by reason of his having done so.
 

 Defendant has reconvened, praying for judgment for damages against plaintiff for injury to his feelings in causing unnecessary litigation concerning his family burying ground; for attorney’s fees ; and for loss of time and expense in attending court on account of the litigation. While defendant has been provoked by suits, yet the courts are open for all persons to assert what they believe to be their legal rights, and we think that this is not a case in which the damages asked for, or any part of them, should be allowed.
 

 The trial judge rendered judgment, rejecting plaintiff’s demand, and also defendant’s reconventional demand.
 

 The judgment is affirmed.