46 So.2d 628 (1950)
GUNN
v.
CREDIT SERVICE CORPORATION.
No. 7434.
Court of Appeal of Louisiana, Second Circuit.
January 31, 1950.
Rehearing Denied March 8, 1950.
*629 Ferdinand A. Cashio, Shreveport, for appellant.
Irion & Switzer, Shreveport, for appellee.
HARDY, Judge.
This is a suit in which plaintiff seeks to enjoin the Sheriff of Caddo Parish from advertising and selling plaintiff's automobile, under a writ of fieri facias sued out by the defendant as judgment creditor, on the ground that the said automobile is a tool or instrument necessary and essential to plaintiff in the exercise of the trade or calling by which he makes a living for himself and his family, and, consequently, exempt from seizure. Plaintiff has prayed for the allowance of attorney's fees. After trial there was judgment in favor of plaintiff granting the injunction sought and releasing the automobile from seizure, but the demand for attorney's fees was rejected. From this judgment defendant has appealed and plaintiff has answered the appeal, seeking the amendment of the judgment to the extent of the allowance of the attorney's fees as prayed.
Defendant contends that under the facts of the instant case the automobile in question is not a necessary tool or instrument for the exercise of the calling by which plaintiff makes his living and therefore, plaintiff is not entitled to the exemption provided by Article 644 of the Code of Practice.
We think the evidence definitely and conclusively preponderates against defendant's contention. It is established that plaintiff is an independent insurance adjuster, and, in the ordinary course of the prosecution of this business or calling, he is subject to call at any time for the purpose of making investigations of accidents both in the City of Shreveport and a considerable surrounding area in rural sections. The claim that plaintiff could use public transportation facilities for the purpose of making these investigations is clearly untenable and is not substantiated by the evidence. On the contrary, it is established that under certain conditions public transportation facilities would be impracticable and, indeed, unavailable. The conclusion is further inescapable that in plaintiff's business his failure to promptly respond to calls for investigations would militate against his efficiency.
Defendant relies upon Morris-Wilson Buick Co., Inc. v. Robertson, La.App., 146 So. 339, in which case this Court held that the automobile of a traveling insurance *630 agent was not exempt from execution. The cited case is easily distinguishable from the case at bar and, in our opinion, there is no analogy between the business, trade or calling of an insurance agent and that of an insurance adjuster.
This Court has recently had occasion to discuss the principles here applicable in Holt v. Flournoy, La.App., 24 So.2d 171, and Strozier v. Long, et al., La.App., 40 So.2d 254, in which we attempted to analyze and apply the general rules and principles involved in this class of cases.
In the final analysis the resolution of the question must turn upon a determination of fact, that is, whether the particuluar instrument or tool involved is necessary to the trade or calling. Of necessity the facts of each individual case must be considered and only in such facts can be found the answer to the question presented.
As above observed, we have determined in this case, from the established facts, that the automobile under seizure is necessary to plaintiff in the prosecution of the trade or calling by which he earns a living for himself and his family. Perforce, it follows that the judgment perpetuating the injunction and ordering the vehicle released from seizure is unquestionably correct to this extent.
We now proceed to a consideration of plaintiff's claim for attorney's fees and are confronted with what appear to be two opposed lines of jurisprudence under the holdings of the Supreme Court.
In the case of Fallin v. J. J. Stovall & Sons, 141 La. 220, 74 So. 911, 916, the Supreme Court squarely held that a claim for attorney's fees as damages was not allowable, and expressed its holding in these words: "As to the damages for attorney's fees, such are not allowed when the plaintiff in injunction is the defendant in execution. Smith v. Bradford, 17 La. [263], 265; Flynn v. Rhodes, 12 La.Ann. 239; Neveu v. Vorrhies, 14 La.Ann. 739; Chappuis v. Preston, 28 La.Ann. 729; Townsend v. [Fontenot], Sheriff, 42 La.Ann. [890], 892, 8 So. 616; Oxford v. Colvin, 134 La. 1098, 64 So. 919."
However, in the case of Marine Bank & Trust Co. v. Shaffer, 166 La. 164, 116 So. 838, 842, the Supreme Court appears to have reversed its position and a claim for attorney's fees was allowed. The court made the following statement: "As relates to the demand of the Shaffers for attorney's fees for being forced to employ counsel to sue out the injunction to restrain the illegal seizure of their property, the trial judge allowed them $1,250. Attorney's fees may be allowed the plaintiff in injunction in a proper case. Ludeling v. Garrett, 50 La.Ann. 118, 23 So. 94."
We confess that we are unable to reconcile what appears to us to be diametrically opposed pronouncements on the part of our Supreme Court. It is therefore incumbent upon this court to choose to follow the holding which, in our opinion, best accords with the equitable considerations here presented.
Unquestionably, under our finding of fact, the seizure of plaintiff's automobile was illegal since the vehicle must be regarded as exempt under the provisions of Article 644 of the Code of Practice. Of necessity plaintiff was required to employ counsel to restrain the sale of his property and to release the seizure. It appears to us that it would be exceedingly inequitable for the plaintiff to be penalized to the extent of employing and paying an attorney in order to protect him against an illegal act of seizure. For this reason we prefer to follow what we regard as the rule established by the Supreme Court in the Marine Bank case, supra, and approve plaintiff's claim for the allowance of attorney's fees. We think under the circumstances the sum of $100 would be a fair value for the services rendered by plaintiff's counsel thus far.
For the reasons assigned the judgment appealed from is amended to the extent of allowing plaintiff's demands for attorney's fees to the extent of the sum of $100, and, as amended, the judgment appealed from is affirmed at appellant's cost.