53 So.2d 520 (1951)
SKELLEY
v.
ACCOUNTS SUPERVISION CO.
No. 7690.
Court of Appeal of Louisiana, Second Circuit.
June 29, 1951.
*521 John S. Gatti, Shreveport, for appellant.
Reuben W. Egan, Shreveport, for appellee.
TALIAFERRO, Judge.
The defendant herein, judgment creditor of the plaintiff, caused execution on its judgment to issue, under which a badly damaged and disabled pick-up truck was seized by the Sheriff and advertised for sale.
Plaintiff invoked appropriate proceedings to arrest the sale and to have the truck declared exempt from seizure under said judgment, on the ground that it is (or was) an essential and necessary tool to the exercise and performance of the trade or profession by which he earns a livelihood for himself and family, that of independent painting, roofing and repair contractor. When the rule for injunction came on for hearing, the case, by agreement, was tried on its merits, after the filing of answer wherein the asserted exemption from seizure and sale of the property is challenged, as well as the right to recover attorney's fee incurred in suing out the injunction in the event it is upheld.
The Lower Court sustained plaintiff's position as regards the exemption of the truck, on the ground alleged, but denied the claim for attorney's fee. Both parties appealed.
Plaintiff complained of the judgment solely because of rejection of his claim for attorney's fee, while defendant is aggrieved only to the extent that the seized truck was declared exempt.
It is not contended, nor could it be so successfully, that the truck, before being badly damaged in a collision on January 10, 1951, prior to seizure, was not exempt from seizure and sale under the judgment. It was prior to being damaged, employed by its owner in hauling, from place to place, workmen, heavy extension ladders, vessels of paint, tools, etc., necessary for him to fill his contracts. Some sort of vehicle was indispensable to the successful and expeditious conduct of his trade. But, it is contended by defendant, that since the truck has been so badly damaged and has been allowed to remain in a repair shop so long, some two months to time of trial, without effort to restore it to operative condition, plaintiff, in effect, has abandoned the vehicle as an asset to his business, and it has thereby lost its character as a "tool or instrument" necessary to the conduct thereof.
It appears that when damaged, the truck was under mortgage to a bank that was also secured by insurance thereon. Insurance in the sum of $766 was paid, nearly all of which was applied to the extinguishment of the mortgage debt.
The testimony of plaintiff makes it clear that he has not abandoned the wrecked truck as valueless. He says it will cost $200 to put it in running condition, and *522 he has not the cash to pay for the needed repairs. He also testified that he had talked with the company from whom he purchased the truck, regarding trade-in value on another truck, and that other persons had offered to purchase the damaged vehicle for around $250. He also testified that but for the seizure he would have been doing some repair work on it himself.
When a chattel has been so employed by its owner as to acquire the quality of being a "tool or instrument" necessary to the exercise of the trade, business or profession by which he earns a living, in order to divest such chattel of said quality, proof of such fact should be unusually clear. No presumption arises against the owner because of temporary non-use of the chattel for any reason. This principle has been recognized in decisions of the Courts of this State. See Lafourche Ice & Shrimp Company v. Gilbeau, La.App., 185 So. 310.
The law is extremely solicitous of the rights of those to whom it accords exemption from the seizure and sale of their property. It encourages the protection against want and impoverishment, that, for such exemptions, would, in many cases, befall heads of families of limited earning power. It is extremely reluctant, after conferring its beneficence upon a person coming within its purview, to then deprive him of the benefits and advantages he has earned. This is illustrated clearly in Thompson-Ritchie & Company v. Graves, 167 La. 1024, 120 So. 634, 63 A.L.R. 1283. There, insured immovable property was destroyed by fire. Proceeds of insurance on the destroyed property were deposited in a bank to the credit of the owners. These were seized under garnishment process. The seizure was annulled, the Court holding that the fund represented the homestead. It also held that the lot on which the destroyed improvements stood, for same reason, was exempt from seizure for ordinary debt of the head of the family.
We feel certain the Court in the present case correctly ruled on this issue.
In denying recovery of attorney's fee, the Court mainly relied upon Jackson v. Bouanchaud, Sheriff, 178 La. 26, 150 So. 567, and stated that had this decision been called to our attention, the decision in Gunn v. Credit Service Corporation, La. App., 46 So.2d 628, would likely have been different.
In the Gunn case, we recognized the lack of uniformity in the decisions of the Supreme Court regarding the right of a successful litigant to recover the fee of his counsel in a case where sale of property was arrested by injunction. Several decisions, emphasizing the question, were cited and from two did we quote, one on each side of the proposition, to wit: Fallin v. J. J. Stovall & Sons, Ltd., 141 La. 220, 74 So. 911, and Marine Bank & Trust Company v. Shaffer, 166 La. 164, 116 So. 838. Inter alia, we said: "We confess that we are unable to reconcile what appears to us to be diametrically opposed pronouncements on the part of our Supreme Court. It is therefore incumbent upon this court to choose to follow the holding which, in our opinion, best accords with the equitable consideration here presented." [46 So.2d 630.]
It is true, as said by the Lower Court, the Jackson v. Bouanchaud case, supra, was not mentioned or referred to in the Gunn case.
The facts of the Gunn case are identical with those of the case at bar. Judge Hardy, organ of the Court, endeavored therein to clearly state what we intended to hold so there would be no room for misinterpretation, and we also believe he succeeded in the effort. This is unusually important in view of the fact that the Supreme Court was asked to review the case, but declined on the ground that the judgment is correct. From this action, we conclude that regardless of uncertainty and conflict in the jurisprudence prior to that time, the Gunn case embodies a correct pronouncement on the question *523 as viewed by the Supreme Court. This being true, we feel there is no other course to follow in the present case other than that expressed in the Gunn case. In that case we fixed the fee of counsel for plaintiff in injunction at $100. We perceive of no good reason to award a greater or less amount herein.
For the assigned reasons, the judgment from which appealed is amended by decreeing plaintiff entitled to attorney's fee in the sum of $100, and he is awarded judgment against defendant for said amount, with legal interest from judicial demand. In other respects said judgment is affirmed, with costs.