107 So.2d 550 (1958)
Opal Mooney WALKER et al., Plaintiff-Appellee,
v.
J. J. ELLIS LAKE PROVIDENCE FURNITURE CORPORATION et al., Defendant-Appellant.
No. 8924.
Court of Appeal of Louisiana, Second Circuit.
November 25, 1958.
*551 McIntosh, Hester & Gilfoil, Lake Providence, for appellant.
Coenen & Coenen, Rayville, for appellee.
AYRES, Judge.
This is an action in tort. The plaintiffs are husband and wife. Their claims are predicated upon two alleged causes of action: First, an alleged verbal assault upon plaintiff, Mrs. Opal Mooney Walker, by defendant, A. E. Floyd, in the course of his employment as collector for the defendant, J. J. Ellis Lake Providence Furniture Corporation, and, second, an alleged wrongful seizure under writ of seizure and sale issued at the instance of the principal defendant of one Maytag washing machine.
Plaintiffs' demands as to the first cause of action were rejected but sustained as to the second. Accordingly, plaintiffs were awarded damages in the sum of $100, plus $35 as attorney's fees. Defendants appealed and plaintiffs have answered the appeal, praying for an increase in the award to $5,035.
The facts may be briefly stated. The record establishes that plaintiff purchased of defendant on January 29, 1955, one Kelvinator Refrigerator and one electric iron. To secure the credit portion of the purchase price, the vendor retained a vendor's lien on, and the purchaser, Claude Walker, one of the plaintiffs, especially mortgaged the aforesaid property to the vendor. Included in the instrument, however, was one Maytag Washing Machine. That this was error is conceded by all parties. The reason therefor would appear to be merely a mutual mistake.
On March 7, 1957, the defendant furniture corporation, through executory process, caused to be seized and advertised for sale, to pay the balance allegedly due on plaintiffs' obligations to defendant, the aforesaid property, including the Maytag washer. Plaintiffs retaliated by the institution of this action for damages claimed, inter alia, for the alleged wrongful seizure of the aforesaid machine. However, on ascertaining that the machine was erroneously included in the chattel mortgage, and, accordingly, that its seizure was without foundation, defendant's attorney promptly released it from seizure. Procedure against the other property continued and a sale thereof to defendant as the seizing creditor was made in due course.
Defendant contends, although the bill of sale erroneously recited that defendant sold the washer to plaintiffs, the provisions of the instrument were valid and, accordingly, the procedure directed against the property involved was legal and proper, and, hence, defendant could not be held in damages for an action it was legally authorized to take. There could be no question as to plaintiffs' right to mortgage property already owned to secure a debt contracted in the purchase of other property *552 However, in the instant case, there was no intention to mortgage the washer. It was included only through error in the preparation of the instrument. This the defendant so recognized in its motion to release the washer from seizure. Therefore, it could be only concluded that the seizure of the washing machine was wrongful.
Plaintiffs suffered no real notoriety, disturbance nor inconvenience by this seizure. Plaintiff, Mrs. Opal Mooney Walker, was appointed keeper pending a sheriff's sale pursuant to the writ issued directing the sale of the property. The washer was never disconnected and its use presumably continued by plaintiffs. At least, it was in their possession and available for their use. No embarrassment resulted from the wrongful seizure, particularly in view of the legal seizure of the other property involved. The only expense incurred was the hiring of an attorney for a fee of $35, and the only inconvenience experienced was attending court, for which the trial court awarded plaintiffs the sum of $100.
The only real issue presented is as to the question of the assessment of attorney's fees against defendant as an item of damages incurred as a result of the wrongful seizure of plaintiff's property. This court had occasion to review the jurisprudence on this question in the case of a similar character in Gunn v. Credit Service Corporation, La.App., 46 So.2d 628, 630, wherein Judge Hardy, as the organ of this court, stated:
"We now proceed to a consideration of plaintiff's claim for attorney's fees and are confronted with what appear to be two opposed lines of jurisprudence under the holdings of the Supreme Court.
"In the case of Fallin v. J. J. Stovall & Sons, 141 La. 220, 74 So. 911, 916, the Supreme Court squarely held that a claim for attorney's fees as damages was not allowable, and expressed its holding in these words: `As to the damages for attorney's fees, such are not allowed when the plaintiff in injunction is the defendant in execution. Smith v. Bradford, 17 La. [263], 265; Flynn v. Rhodes, 12 La.Ann. 239; Neveu v. Vorrhies, 28 La.Ann. 729; Chappuis v. Preston, 28 La.Ann. 729; Townsend v. [Fontenot], Sheriff, 42 La.Ann. [890], 892, 8 So. 616; Oxford v. Colvin, 134 La. 1098, 64 So. 919.'
"However, in the case of Marine Bank & Trust Co. v. Shaffer, 166 La. 164, 116 So. 838, 842, the Supreme Court appears to have reversed its position and a claim for attorney's fees was allowed. The court made the following statement: `As relates to the demand of the Shaffers for attorney's fees for being forced to employ counsel to sue out the injunction to restrain the illegal seizure of their property, the trial judge allowed them $1,250. Attorney's fees may be allowed the plaintiff in injunction in a proper case. Ludeling v. Garrett, 50 La.Ann. 118, 23 So. 94.'
"We confess that we are unable to reconcile what appears to us to be diametrically opposed pronouncements on the part of our Supreme Court. It is therefore incumbent upon this court to choose to follow the holding which, in our opinion, best accords with the equitable considerations here presented.
"Unquestionably, under our finding of fact, the seizure of plaintiff's automobile was illegal since the vehicle must be regarded as exempt under the provisions of Article 644 of the Code of Practice. Of necessity plaintiff was required to employ counsel to restrain the sale of his property and to release the seizure. It appears to us that it would be exceedingly inequitable for the plaintiff to be penalized to the extent of employing and paying an attorney in order to protect him against an illegal act of seizure. For this reason we prefer to follow what we regard as the rule established by the Supreme *553 Court in the Marine Bank case, supra, and approve plaintiff's claim for the allowance of attorney's fees. We think under the circumstances the sum of $100 would be a fair value for the services rendered by plaintiff's counsel thus far."
The ruling in the Gunn case was later approved and followed by this court in Skelly v. Accounts Supervision, 53 So.2d 520, 522-523, wherein it was stated:
"The facts of the Gunn case are identical with those of the case at bar. Judge Hardy, organ of the Court, endeavored therein to clearly state what we intended to hold so there would be no room for misinterpretation, and we also believe he succeeded in the effort. This is unusually important in view of the fact that the Supreme Court was asked to review the case, but declined on the ground that the judgment is correct. From this action, we conclude that regardless of uncertainty and conflict in the jurisprudence prior to that time, the Gunn case embodies a correct pronouncement on the question as viewed by the Supreme Court."
This being true, we feel there is no other course to follow in the instant case other than that expressed in the Gunn and Skelly cases, notwithstanding the urgings of defendant's counsel that following the ruling of the Supreme Court in Jackson v. Bouanchaud, 178 La. 26, 150 So. 567, and the Osborne v. Mossler Acceptance Corporation, 214 La. 503, 38 So.2d 151, would lead to a different conclusion. The refusal of writs by the Supreme Court in the Gunn case postdated the decisions relied upon by defendant.
As to the first of the alleged causes of action, the record establishes there was no basis of liability and that, moreover, plaintiffs have abandoned their claims predicated thereon.
The proof supports the award made, as to the second cause of action. $35 was contracted by plaintiffs to their attorney to secure the release of the washer from the illegal seizure. $100 as nominal damages for whatever inconvenience and embarrassment that they sustained by virtue of said wrongful seizure appears neither excessive nor inadequate.
Finding no manifest error in the judgment appealed, it is, accordingly, affirmed at appellant's cost.
Affirmed.