STOULIG, Judge.
This is an appeal from a judgment maintaining an exception of no cause of action and dismissing plaintiff’s petition seeking damages for the illegal seizure of her property by the defendant in two different attempts to foreclose on her mortgage by executory process.
It is now so well established as to be beyond dispute that for the purpose of considering the merits of an exception of no cause of action the well-pleaded facts in the petition and any supporting attachments must be accepted as true, with all doubts of sufficiency resolved in favor of sustaining the cause of action. The determination of the issue raised by this exception is triable on the face of the papers. LSA-C.C.P. art. 927 (4); Elliott v. Dupuy, 242 La. 173, 135 So.2d 54 (1961); Biel-kiewicz v. Rudisill, 201 So.2d 136 (La.App. 3d Cir. 1967).
According to the plaintiff’s petition, the defendant in July, 1970, instituted a foreclosure proceeding by executory process against the defendant in the Parish of St. Tammany. In a contradictory proceeding held on September 18, 1970, this action was dismissed for the want of compliance with the requirements of LSA-C.C.P. art. 2635 in that the bank failed to attach to its petition the hand note or any other evidence of debt.
Subsequently, the defendant filed a second executory proceeding in the Parish of St. Tammany based on the identical mortgage and note. This action was likewise dismissed on November 6, 1970, under the provisions of LSA-C.C.P. art. 531, because of an ordinary proceeding then pending in the Civil District Court for the Parish of Orleans filed by the same defendant against the same plaintiff on the same obligation.
Plaintiff bases her action in damages on the alleged illegal seizures made under the two executory proceedings. Defendant’s exception of no cause of action is predicated upon the fact that the petition “ * * * fails to allege that the action taken by the National Bank of Commerce was taken with malice or for other improper purposes * * It contends that this allegation is necessary to state a cause of action for which relief can be granted.
The trial court maintained the exception without assigning written or oral reasons. In the absence of any disclosure in the record to the contrary — and we find none —we must assume that the basis of the court’s judgment is the same as that urged by the exceptor.
Admittedly, the petition does not allege that the defendant acted maliciously or from other improper motives. However, we have not been apprised by ex-ceptor of any statute requiring, or jurisprudence decreeing, that an allegation of malice or other improper motive is sacramental in order to maintain an action for damages resulting from an illegal seizure of realty. We have been advised that no such authority exists and, accordingly, we are not justified in exacting such an averment in the pleadings, which places the burden of proof of such fact on the pleader.
The contention urged by the defendant'— that the plaintiff suffered no actual damage since the seizures effected under the execu-tory proceedings were “constructive” in nature and the owner was not deprived of the physical possession of the property— has no bearing on the merits of the exception, but, rather, would more properly address itself to the issue of quantum in the event the defendant is cast in judgment.
 Our jurisprudence has long recognized and awarded damages for the illegal seizure of realty. Accordingly, we find that plaintiff’s petition seeking damages for the wrongful seizure of her property does state a cause of action against *788 the defendant, the merits of which can be adjudged only after a full trial of the issue.
For the foregoing reasons the judgment of the trial court maintaining the exception of no cause of action is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion, the cost of this appeal to be assessed at the final determination of this matter.
Reversed and remanded.