SAVOY, Judge.
This case is a sequel to that of Travelers Indemnity Company v. Dubois, La.App., 236 So.2d 912, writ denied, 256 La. 871, 239 So.2d 364.
In Travelers v. Dubois, supra, Travelers, as the subrogee of its insured, obtained a money judgment against the present plaintiff in Rapides Parish, Louisiana, on September 17, 1968. On January 6, 1969, plaintiff in the instant suit filed a petition in bankruptcy in the Federal Court for the Western District of Louisiana. He included Travelers’ judgment in his schedule of debts. Among the assets of the bankrupt was real estate situated in Grant Parish, Louisiana. On March 10, 1969, Dubois was discharged in bankruptcy. On August 27, 1969, the Trustee in Bankruptcy returned the real estate situated in Grant Parish to Dubois “subject to any existing liens or mortgages.” On November 7, 1969, Travelers obtained a writ of fi fa ordering the Sheriff of Grant Parish, Louisiana, to seize and sell the real property owned by Dubois in Grant Parish. When the Sheriff attempted to seize and sell the property, Dubois had the court in Grant Parish issue a rule to show cause why Travelers should not be enjoined from seizing and selling the Grant Parish property. After a hearing of the rule, the district judge granted a permanent injunction enjoining Travelers from selling the Grant Parish property. On appeal we affirmed, and our State Supreme Court refused to grant Travelers a writ.
Plaintiff then filed the present suit. In his original petition he states that because of the illegal seizure he is entitled to damages because he suffered mental anguish, embarrassment, mortification, humiliation and trespass because of the wrongful seizure. He likewise asks for attorney’s fees for legal services incurred in the suit by Travelers, and for legal fees incurred in the instant case. To this petition defendant filed an exception of no cause of action based on the following grounds:
1. Plaintiff has not alleged an intentional or deliberate act of malice or bad faith, nor is there any allegation that he lost possession of the property as a result of the writ of fi fa;
2. Plaintiff has no cause of action for the mere issuance of a writ of fi fa of immovable property;
3. Plaintiff has no cause of action for he cannot recover damages where he has not been dispossessed of his property;
4. Attorney’s fees are not allowed for wrongful seizure unless the seizure is wrongful and the seizing party acted in bad faith and with malice.
By supplemental petition plaintiff itemized his damages and alleged that defendant had full knowledge of the plaintiff’s discharge in bankruptcy when it seized his property, and that his property was deliberately seized by the plaintiff.
Defendant filed another exception of no cause of action alleging the same grounds as in the original exception.
After a hearing, the district judge, without assigning written reasons, maintained the exception of no cause of action and dismissed plaintiff’s suit. Plaintiff has appealed.
We shall first discuss the action in connection with the claim for attorney’s fees.
In Moses v. American Security Bank of Ville Platte, 222 So.2d 899 (La.App. 3 Cir. 1969), we stated:
“The appellant creditor correctly points out that a prevailing party is not allowed to recover his attorney’s fees, in the absence of contract or statute expressly authorizing him to do so. Hernandez v. Harson, 237 La. 389, 111 So.2d 320; Morein v. G. J. Deville [Lumber] Co., La.App. 3d Cir., 215 So.2d 208. Although statutory provisions do permit the allowance of attorney’s fees for dis *96 solution of improper seizures under writs of attachment, sequestration, or injunction, Articles 3506, 3608, we could find none authorizing the imposition of such damages for dissolution of a wrongful seizure under the writ of fieri facias.”
We conclude that the exception of no cause of action is valid insofar as plaintiff’s claim for attorney’s fees is concerned.
We next address ourselves to plaintiff’s claim for mental anguish, embarrassment, mortification, humiliation and trespass.
A cause of action exists where a “ * * * party aggrieved by a wrongful seizure is entitled to recover not only the special damages caused him thereby, but also general damages (if proven) by way of mortification, humiliation, mental worry, etc., caused by this intentional violation of his property rights.” Moses v. American Security Bank of Ville Platte, 222 So.2d 899 at page 904 (La.App. 3 Cir. 1969) ; and Hernandez v. Harson, 237 La. 389, 111 So.2d 320 at page 324 (1958).
Travelers attempts to distinguish Moses, supra, and the cases therein cited on the ground that they involved seizure of movables whereas we are here concerned with seizure of an immovable. We find no merit to this argument. Plaintiff alleged that his ownership rights were wrongfully violated. He could not alienate or encumber the property during the seizure. The fact that plaintiff actually continued to live in the house will reduce his claim for damages, but does not extinguish it.
The petition alleges a cause of action. The trial court judgment sustaining the exception of no cause of action is reversed, and the case is remanded for trial. Costs of this appeal are assessed to appel-lee.
Reversed and remanded.