284 So.2d 832 (1973)
Mrs. Mathilda ESCAT
v.
The NATIONAL BANK OF COMMERCE IN NEW ORLEANS.
No. 5628.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1973.
*833 Uddo & Gertler, M. H. Gertler, New Orleans, for plaintiff-appellee.
Montgomery, Barnett, Brown & Read, Wood Brown, III, New Orleans for defendant-appellant.
Before SCHOTT, J., and ST. AMANT and LeBRUN, JJ., pro tempore.
P. C. ST. AMANT, Judge pro tempore.
This is a suit to recover damages for wrongful seizure under executory process, on two separate occasions, of certain real estate owned by plaintiff situated in the Parish of St. Tammany. On a prior appeal, Escat v. National Bank of Commerce in New Orleans, 256 So.2d 786 (1972), we reversed the judgment of the district court maintaining defendant's exception of no cause of action and remanded for a trial on the merits. The matter is now before us on an appeal by defendant from a judgment in favor of plaintiff in the sum of two thousand dollars.
The record shows that on July 9, 1970, the National Bank of Commerce in New Orleans (hereinafter referred to as "the bank") filed a petition for executory process against Mrs. Escat in the Parish of St. Tammany and secured an order for the immediate seizure and sale of her property. Mrs. Escat responded with a petition to enjoin the sheriff from proceeding with the sale and obtained a temporary restraining order coupled with a rule to show cause why a preliminary injunction should not issue. The minutes of the trial court reflect that on the trial of the rule the "Court found a lack of authentic evidence sufficient to proceed with the executory process." Thereafter, on September 24, 1970, *834 the bank voluntarily dismissed its suit without prejudice.
The bank filed a new petition for executory process and again obtained an order for the immediate seizure and sale of Mrs. Escat's property. In response to this second proceeding Mrs. Escat filed a motion to dismiss based upon the fact that the bank had previously filed an ordinary proceeding on the same indebtedness in the Civil District Court for the Parish of Orleans, and she again obtained a temporary restraining order prohibiting the sheriff from proceeding with the sale coupled with a rule to show cause why a preliminary injunction should not issue. The minutes of the trial court reflect that on the trial of this second rule "the motion to dismiss was granted . . . ." The trial court's action was correct. LSA-C.C.P. Art. 531.
Following the dismissal of these two proceedings against her Mrs. Escat instituted this suit for damages, including attorney's fees.
On this appeal present counsel for defendant, who did not represent the bank in any of the proceedings against Mrs. Escat, contends (1) that damages for wrongful seizure under executory process are not recoverable in the absence of proof of malice or bad faith, (2) that damages are not recoverable for a "constructive" seizure alone where no actual physical dispossession results, and (3) that in any event attorney's fees are not an allowable item of damage.
Defendant's first contention, that proof of malice or bad faith is a prerequisite to recovery, was rejected by this court on the first appeal, Escat v. National Bank of Commerce in New Orleans, 256 So.2d 786, 787 (1972), in the following language:
"Admittedly, the petition does not allege that the defendant acted maliciously or from other improper motives. However, we have not been apprised by exceptor of any statute requiring, or jurisprudence decreeing, that an allegation of malice or other improper motive is sacramental in order to maintain an action for damages resulting from an illegal seizure of realty. We have been advised that no such authority exists and, accordingly, we are not justified in exacting such an averment in the pleadings, which places the burden of proof of such fact on the pleader."
Defendant attempts to raise the issue again on this appeal and cites the cases of Dalbey v. Continental Supply Co., 165 La. 636, 115 So. 807 (1928), and Kenner v. Cousin, 163 La. 624, 112 So. 508 (1927), as supporting its position.
Neither of the cited cases is applicable. Dalbey represents primarily an application of the public records doctrine. In denying plaintiff's claim for damages for wrongful seizure under executory process the court specifically found that the plaintiff was not the record owner of the realty seized at the time of the seizure, and did not become the record owner thereof until some three months later, and concluded that the defendant, relying upon the public records, was entitled to seize the property which stood of record in the name of its debtor notwithstanding any knowledge dehors the public records of ownership in a third party. Since the court found that the defendant had the right to seize the land up until the time that the record title was vested in plaintiff, then of course no damages could be awarded for wrongful seizure, for the seizure was not in fact wrongful but proper. The opinion contains no language even remotely supporting the defendant's position here.
Kenner v. Cousin, 163 La. 624, 112 So. 508 (1927), is even less applicable. It involved no seizure under executory process or any other legal process but simply the question of whether one who successfully defends against litigation involving the ownership and possession of realty has a right to recover damages from the unsuccessful plaintiff. The court answered in the negative, holding that "the courts are *835 open for all persons to assert what they believe to be their legal rights." There is no suggestion in the opinion that this principle of no recovery of damages for the successful defense of litigation should be extended to instances of unlawful seizure under executory process.
On the other hand our courts have been consistent in awarding damages for wrongful seizures even in the absence of bad faith, whether the seizure has been effected under executory process, as in Walker v. J. J. Ellis Lake Providence Furniture Corp., 107 So.2d 550 (La.App. 2nd Cir. 1958), or under the writ of fieri facias, as in DuBois v. Travelers Indemnity Company, 261 So.2d 94 (La.App. 3rd Cir. 1972).
We therefore reaffirm our holding on the first appeal that proof of malice or bad faith is not prerequisite to the recovery of damages for wrongful seizure under executory process.
Defendant's second contention, that damages are not recoverable when the seizure is only constructive in nature and where the owner is not actually deprived of the physical possession thereof, is likewise without merit. A party aggrieved by a wrongful seizure of his property is entitled to recover not only the special damages caused him thereby but also general damages for embarrassment, humiliation, mental anguish and the like. Moses v. American Security Bank of Ville Platte, 222 So.2d 899, 904 (La.App. 3rd Cir. 1969), and Hernandez v. Harson, 237 La. 389, 111 So.2d 320, 324 (1958).
In Walker v. J. J. Ellis Lake Providence Furniture Corp., 107 So.2d 550 (La.App. 2nd Cir. 1958), the court affirmed an award of damages for inconvenience and embarrassment sustained as a result of the wrongful seizure under executory process of a washer notwithstanding the fact that the owner was appointed keeper and the washer was never disconnected and its use presumably continued by plaintiffs. The same result has been reached in the case of constructive seizure of realty under writ of fieri facias, the court noting that the owner could not alienate or encumber the property during the seizure. DuBois v. Travelers Indemnity Company, 261 So.2d 94 (La. App. 3rd Cir. 1972). As this court noted on the first appeal, this argument of defendant "more properly addresses itself to the issue of quantum . . . ." Escat v. National Bank of Commerce in New Orleans, 256 So.2d 786, 787 (1972).
On the question of quantum, the lower court awarded plaintiff the sum of two thousand dollars without indicating whether this amount was intended to include attorney's fees or was an award for general damages only. Defendant contends that attorney's fees are not recoverable and that the amount awarded is excessive for general damages alone.
The question of recovery for attorney's fees for the dissolution of seizures under executory process and fieri facias is a troublesome one on which our courts have frequently reached differing conclusions. As a general rule a prevailing party is not entitled to recover attorney's fees in the absence of contract or specific statutory authority. Herandez v. Harson, 237 La. 389, 111 So.2d 320 (1958). Such specific statutory authority exists for the allowance of attorney's fees for the dissolution of seizures under writs of attachment and sequestration, LSA-C.C.P. Art. 3506, and for the dissolution of improvidently issued restraining orders and preliminary injunctions, LSA-C.C.P. Art. 3608, but apparently no such statutory authority exists governing instances of wrongful seizure under executory process or fieri facias.
In the absence of specific statutory authority on the point our Supreme Court has on occasions apparently reached diametrically opposed conclusions. See Fallin v. J. J. Stovall & Sons, 141 La. 220, 74 So. 911, 916 (1917), attorney's fees held not allowable, and Marine Bank & Trust Co. v. Shaffer, 166 La. 164, 116 So. 838, 842 *836 (1928), trial court award of $1,250.00 attorney's fees reduced to $500.00. This jurisprudence was reviewed in some detail by the Second Circuit in Gunn v. Credit Service Corporation, 46 So.2d 628, 630 (La. App. 2nd Cir. 1950), with that court concluding that the better rule was to allow recovery of attorney's fees.
The Gunn decision has been followed consistently in subsequent cases in the Second Circuit, Cox v. Smith, La.App., 275 So.2d 459 (1973); Walker v. J. J. Ellis Lake Providence Furniture Corp., La.App., 107 So.2d 550 (1958), and Skelley v. Accounts Supervision, La.App., 53 So.2d 520 (1951), although the Third Circuit apparently adheres to the opposite view, at least in cases of fieri facias, DuBois v. Travelers Indemnity Company, La.App., 261 So. 2d 94 (1972), and Moses v. American Security Bank of Ville Platte, La.App., 222 So.2d 899 (1969).
Executory process is a harsh remedy. It issues immediately, solely upon the ex parte application of the plaintiff, and once the defendant's property has been seized a sheriff's sale automatically follows in due course unless the owner takes affirmative action by way of retaining counsel to enjoin the sale and secure the release of his property. We see no reason why a party who is the victim of an unlawful seizure should be penalized by being denied the right to recover the attorney's fees which he incurs as a result of the wrongful action of the seizing party.
Accordingly, we adopt the position taken by the Second Circuit and hold that attorney's fees are recoverable for the dissolution of wrongful seizures under executory process.
The record shows that the plaintiff suffered general damages in the form of embarrassment, inconvenience and worry as a result of the wrongful seizure of her property on two separate occasions, and that on each of these occasions she incurred attorney's fees in the amount of $750.00. We find no abuse of discretion in the trial court's award of a total of $2,000.00, which amount is therefore affirmed. All costs on both appeals are assessed against defendant-appellant.
Affirmed.