MARVIN, Judge.
In Grant v. Anderson, 306 So.2d 853 (La.App. 2d Cir. 1975), we held a purported sale of a truck from Mr. Anderson to Ms. Grant to have been a simulation and reversed a money judgment for damages awarded to Ms. Grant.
Before this court rendered its opinion reversing the judgment below awarding her damages, Ms. Grant caused a writ of fieri facias to issue in execution of the judgment against real estate owned by Ms. Anderson. This was done at a time when the judgment was not final and executory. The sheriff seized property under the writ. Ms. Anderson then sued Ms. Grant to dissolve the seizure and for damages, including attorney fees for dissolving the writ of fi fa. The lower court dissolved the writ and awarded Ms. Anderson $500 damages and $350 attorney fees. Ms. Grant appeals. We affirm.
Appellant does not contest the premise that damages may be due when a writ of fi fa wrongly issues and when property is seized thereunder.
Appellant contends (1) that Ms. Anderson did not meet the burden of proving damages for inconvenience or embarrassment, and (2) that in the absence of statutory or legislative authority, attorney’s fees cannot be assessed against her.
*863 Here, the writ issued, the property was seized by the sheriff, and notice of the seizure was printed in the legal news publication which was sent to more than 50 law firms, lending institutions and realtors in the area in which plaintiff resided and sometimes worked. Appellant’s first contention addresses itself more properly to the issue of quantum. See Escat v. National Bank of Commerce, 256 So.2d 786, 787 (La.App. 4th Cir. 1972), first appeal.
Escat, on the second appeal, 284 So.2d 832 (La.App. 4th Cir. 1973), answers appellant’s second contention. Our earlier decision and reasoning in Gunn v. Credit Service Corporation, 46 So.2d 628 (La.App. 2d Cir. 1950) were cited there with approval. We see no reason here not to follow the reasoning in Gunn and we hold that attorney fees are recoverable for the dissolution of a wrongful seizure under a writ of fieri facias.
The amount awarded as attorney fees is also contested on appeal because there was no testimony below on which to base the award. Our recent case of James, Robinson, Felts & Starnes et al. v. Powell, 303 So.2d 229 (La.App. 2d Cir. 1974), answers this contention. We recognized there that the trial court should employ its own knowledge of the value of legal services and determine the award of attorney fees even in the absence of expert testimony. This is especially true when the services are performed by the attorney under the court’s eyes as they were here.
The amounts awarded as damages and as attorney fees were less than the amounts sued for in each respective instance.
Finding no error below, and at appellant’s cost, judgment is
AFFIRMED.