ON APPLICATION FOR REHEARING
Before BOLIN, PRICE, HALL, MARVIN and JONES, JJ.
PER CURIAM
On application for rehearing, appellant takes issue with the statement in the opinion that appellant “does not contest the premise that damages may be due when a writ of fifa wrongly issues and when property is seized thereunder.”
The basis for this statement comes from the syllabus of appellant’s brief on the original appeal. There appellant said:
“1. ... A party grieved by wrongful seizure of his property is entitled to recover not only the special damages caused him thereby, but also general damages for embarrassment, humiliation, mental anguish and the like . . .
* * * * * *
“3. . . . As a general rule a prevailing party is not entitled to recover attorney fees in the absence of contract or specific statutory authority . . .
“4. . . . We see no reason why a party who is the victim of an unlawful seizure should be penalized by being denied the right to recover the attorney fees which he incurs as a result of the wrongful action of the seizing party .
“5. . . . The Appellant creditor correctly points out that the prevailing party is not allowed to recover his attorney fees, in the absence of contract or statutes expressly authorizing him to do so. (citations omitted) Although statutory provisions do permit the allowance of attorney fees for dissolution of improper seizures under writs of attachment, sequestration or injunction Articles 3506 and 3608, we can find none authorizing the imposition of such damages for dissolution of the wrongful seizure under a writ of fieri facias.”
(Citations omitted);
In any event, what was said in the original opinion regarding the allowance of attorney fees where a writ of fifa wrongly issues and property is seized thereunder is *864 also applicable to the award of damages. See Escat v. National Bank of Commerce, 284 So.2d 832 (La.App. 4th Cir. 1973) and authorities cited therein.
The thrust of appellant’s argument is that there is no statutory or legislative authority for allowing either damages or attorney’s fees in such cases. Escat on the second appeal, rejected this contention and expressly noted:
“. . . our courts have been consistent in awarding damages for wrongful seizure . . . under the writ of fieri facias . . .”
284 So.2d 832, 835.
Application for rehearing is denied.