FORET, Judge.
This appeal involves a suit for executory process filed by General Motors Acceptance Corporation (hereafter GMAC) against Yvonne Meyers, defendant-appellee. Defendant-appellee reconvened, alleging a wrongful seizure, seeking to enjoin the sale of the automobile, and further for damages for wrongful seizure, etc.[1] From an adverse judgment, GMAC has appealed. Defendant-appellee has answered the appeal, seeking an award of attorney’s fees.
The issues are:
(1) Whether the trial court committed manifest error in finding a wrongful seizure of defendant’s automobile;
(2) Whether the trial court’s award of damages is proper; and
(3) Whether attorney’s fees should be allowed.
GMAC, plaintiff, (defendant-in-reconvention) brought suit on November 28, 1978, as the holder and owner of a promissory installment note, against Mrs. Yvonne Meyers, defendant, (plaintiff-in-reconvention) the maker of the note. GMAC sought the unpaid balance of $6,763.26 plus attorney’s fees. The note for $11,925 was executed by defendant, Mrs. Meyers, on June 6, 1977, when she purchased a new automobile from a Shreveport dealer.
Plaintiff sued for the entire unpaid balance, under the terms of the note, based on the alleged failure of the defendant to pay the October 21,1978 and November 21,1978 installments.
Defendant denies that she defaulted on her payments and reconvened, seeking to enjoin the sale of her automobile in order to protect her interest. Defendant further reconvened seeking damages for wrongful seizure, deprivation of the use of her vehicle, mental anguish, and attorney’s fees.
The trial court found the filing of the suit by GMAC to be untimely and thus constituted a wrongful seizure. The trial court’s written reasons for granting the temporary injunction enjoining the sheriff from selling the automobile, were partially adopted as reasons for the final judgment awarding the defendant a permanent injunction and damages.
In the reasons for judgment, the trial judge states:
*MCDXXXVII “. . . The sole issue before the Court relates to the installment dates of October 21, 1978 and November 21, 1978, and whether Mrs. Yvonne Meyers defaulted in these payments, as alleged.
“The promissory installment sued upon very clearly provides that monthly installments of $283.94 would be due and payable on the same date of each month, commencing on 2/21/77, and ‘on the same day of each successive month.’
“Following the confection of this transaction Mrs. Yvonne Meyers received, from G.M.A.C., a ‘Coupon Book’ for her use in paying installments (P — 2), and a small two-sheet ‘booklet’, (P — 1), welcoming her as a customer, and providing among other things, as follows:
‘Change of Due Date? If the date your payments are due fails to conform with the date your income is received, or is otherwise inconvenient, please contact us regarding and [sic] adjustment of the due date.’
“Mrs. Yvonne Meyers testified that in keeping with this offer, she went to the office of G.M.A.C., on Jordan Street, in Shreveport, and there talked with a Mrs. Coleman[2] concerning changing her payment date to the first of each month, so that her, for example, December 21,1977, installment would not be due until Jan. 1, 1978, and so on. Mrs. Coleman took Mrs. Meyers Coupon Book and marked, in pen, through the printed figures and inserted the new dates as thus agreed upon .
“It is thus firmly established by unreput-ed, and in fact, undisputed evidence that the original due date of the 21st of each month was changed to the first day of the next month.
“This having been established, the installments that had originally been fixed for October 21, 1978, had been changed to November 1, and December 1, 1978. “What is the status of the installment due November 1, 1978?
“On November 1, 1978, Mrs. Meyers purchased a Bank Money Order (P-4) in the sum of $142.00, and sent this Money Order, together with her personal check dated November 3, 1978, in the sum of $147.00, both payable to G.M.A.C., (P — 5) to G.M.A.C. to pay the November 1st (originally Oct. 21st) installment. G.M. A.C. accepted these instruments as payment of the November 1, 1978, payment, and their records (D-5) indicate that these items were received by G.M.A.C. November 7,1978, and a $3.24 late charge is also noted.
“The check for $147.00- on the Peoples State Bank, Zwolle, Branch, (P-5) was not paid by the Bank, and the check was marked ‘endorsement conceited, [sic] Nov. 10,1978’, on the reverse side of the check. Following that, on November 14, 1978, G.M.A.C. sent Mrs. Meyers a filled-in form tetter (P-10) advising her that the above referred to $147.00 check had been returned because of ‘Insufficient Funds’. No reference was made to late charges. This tetter further stated:
‘We have issued this check to our representative in your area with instructions to secure certified funds. Will you please deposit the necessary funds immediately in order that the check may be cleared when our representative calls at your bank. Your prompt attention to this matter will be appreciated.’
“Obviously, G.M.A.C. was treating this as a routine matter and there was no complaint that the November 1, 1978 installment had not been paid, or that G.M.A.C. was calling the entire note due, as being due and unpaid. Following her receipt of this tetter, P-10, Mrs. Meyers on November 18, 1978, purchased a Bank Money Order for $147.00, and sent it to G.M.A.C. office in Shreveport, P-6. This was in direct response to G.M.A.C.’s tetter of November 14, 1978, (P-10).
“Mrs. Meyers heard nothing from this until she was sued on November 28,1978. *MCDXXXVIII Subsequent thereto, on December 14, 1978, the attorney for G.M.A.C. wrote her a letter, returning the above $147.00 Money Order, together with another $292.94 Money Order, dated December 8, 1978, refusing to accept same. There may be some question as to the date of the $147.00 Money Order. P — 7 refers to it as dated Nov. 11, 1978, and it appears as Nov. 11, 1978, on P-6, although the date of month appears to have been written over. However, whether it was written on Nov. 11, 1978, the date after the check was not honoured by the Peoples State Bank, or on November 18, 1978, the correspondance [sic] from G.M.A.C. (P— 10) reflects, that the note was not, in fact, declared delinquent on that basis. “Of course, when suit was filed on Nov. 28, 1978, the Dec. 1, 1978 installment (which would have been Nov. 21, 1978, until G.M.A.C. agreed to the change which has been referred to) was not even due.”
The trial court found that plaintiff-in-re-convention proved actual damages of $1,275.58 as a result of the necessity of renting an automobile caused by the wrongful seizure. Additionally, damages of $2,500.00 were awarded to compensate Mrs. Meyers for mental anguish, humiliation and embarrassment as a result of the illegal seizure.
The record amply supports these awards. In addition, as stated by the trial judge:
“Not only was the seizure wrongful, but the Court considers it was in bad faith, induced, apparently, by a personality clash between the branch manager of G.M.A.C. and Mrs. Meyers.”
A careful review of the record and the briefs filed herein by counsel leads us to the inevitable conclusion that there is a reasonable evidentiary basis for the trial judge’s conclusion that the suit for executory process filed by GMAC was premature, or untimely, either as a result of an alteration of the “due date” of the installment by GMAC and Mrs. Meyers, or at least that GMAC had lulled Mrs. Meyers into believing that payments made ten to fourteen days after the due date would be considered timely. We cannot say that the trial court committed manifest error in its finding of fact in this regard.
ATTORNEY’S FEES
On the issue of the award for attorney’s fees, we take the liberty of quoting from the Fourth Circuit Court of Appeal case of Escat v. National Bank of Commerce in New Orleans, 284 So.2d 832 (La.App. 4 Cir. 1973), which well reviews the jurisprudence on this issue:
“The question of recovery for attorney’s fees for the dissolution of seizures under executory process and fieri facias is a troublesome one on which our courts have frequently reached differing conclusions. As a general rule a prevailing party is not entitled to recover attorney’s fees in the absence of contract or specific statutory authority. Hernandez v. Harson, 237 La. 389, 111 So.2d 320 (1958). Such specific statutory authority exists for the allowance of attorney’s fees for the dissolution of seizures under writs of attachment and sequestration, LSA-C. C.P. Art. 3506, and for the dissolution of improvidently issued restraining orders and preliminary injunctions, LSA-C.C.P. Art. 3608, but apparently no such statutory authority exists governing instances of wrongful seizure under executory process or fieri facias.
In the absence of specific statutory authority on the point our Supreme Court has on occasions apparently reached diametrically opposed conclusions. See Fallin v. J. J. Stovall & Sons, 141 La. 220, 74 So. 911, 916 (1917), attorney’s fees held not allowable, and Marine Bank & Trust Co. v. Shaffer, 166 La. 164, 116 So. 838, 842 (1928), trial court award of $1,250.00 attorney’s fees reduced to $500.00. This jurisprudence was reviewed in some de *MCDXXXIX tail by the Second Circuit in Gunn v. Credit Service Corporation, 46 So.2d 628, 630 (La.App. 2nd Cir. 1950), with that court concluding that the better rule was to allow recovery of attorney’s fees.[3]
The Gunn decision has been followed consistently in subsequent cases in the Second Circuit, Cox v. Smith, La.App., 275 So.2d 459 (1973); Walker v. J. J. Ellis Lake Providence Furniture Corp., La. App., 107 So.2d 550 (1958), and Skelley v. Accounts Supervision, La.App., 53 So.2d 520 (1951), although the Third Circuit apparently adheres to the opposite view, at least in cases of fieri facias, DuBois v. Travelers Indemnity Company, La.App., 261 So.2d 94 (1972), and Moses v. American Security Bank of Ville Platte, La.App., 222 So.2d 899 (1969).
Executory process is a harsh remedy. It issues immediately, solely upon the ex parte application of the plaintiff, and once the defendant’s property has been seized a sheriff’s sale automatically follows in due course unless the owner takes affirmative action by way of retaining counsel to enjoin the sale and secure the release of his property. We see no reason why a party who is the victim of an unlawful seizure should be penalized by being denied the right to recover the attorney’s fees which he incurs as a result of the wrongful action of the seizing party.”
Accordingly, we adopt the position taken by the First, Second and Fourth Circuits and hold that attorney’s fees are recoverable for the dissolution of wrongful seizures under executory process.
For the reasons stated above, the judgment of the trial court will be amended to allow a reasonable attorney fee, which this Court determines to be $2,500.00 and, as amended, the judgment of the trial court is affirmed.
Accordingly, it is ordered, adjudged and decreed that the judgment of the trial court be affirmed in all respects, except that it is further ordered, adjudged and decreed that there be judgment herein in favor of defendant-appellee, Yvonne Meyers, and against General Motors Acceptance Corporation, for attorney’s fees in the amount of $2,500.00.
All costs of this appeal are assessed against plaintiff-appellant, General Motors Acceptance Corporation.
AMENDED AND AFFIRMED.

. By an amended and supplemental reconventional demand, Mrs. Meyers demanded an award for attorney’s fees.

. Should be “Kohlman”.

. To the same effect is the recent First Circuit case of Mid-State Homes, Inc. v. Bice, 361 So.2d 275 (La.App. 1 Cir. 1978).