385 So.2d 245 (1980)
GENERAL MOTORS ACCEPTANCE CORPORATION
v.
Yvonne MEYERS.
No. 66835.
Supreme Court of Louisiana.
June 23, 1980.
*246 Skeels, Baker, Coleman & Strickland, Donald L. Baker, Shreveport, for plaintiff-applicant.
Kenneth N. Simmons, Davis & Simmons, Many, for defendant-respondent.
WATSON, Justice.
In this suit for executory process by General Motors Acceptance Corporation, the trial court awarded defendant, Yvonne Meyers, $3,775.58 for the wrongful seizure of her automobile. The Court of Appeal amended the judgment to add a reasonable attorney's fee of $2,500. 377 So.2d 1355 (La.App. 3 Cir. 1979). A writ was granted to review the award of attorney's fees because Nassau Realty Co., Inc. v. Brown, 332 So.2d 206 (La., 1976) held that attorney's fees cannot be recovered for wrongful seizure under a writ of fieri facias.
On the merits, the trial and appellate courts correctly found that seizure of the automobile was wrongful. Yvonne Sutton Meyers purchased a Cadillac and agreed to payments of $283.94 per month commencing July 21, 1977. Ms. Meyers received a GMAC brochure which stated in pertinent part:
"If the date your payments are due fails to conform with the date your income is received, or is otherwise inconvenient, please contact us regarding an adjustment of the due date." (Tr. 24)
Defendant Meyers contacted GMAC's service representative, Delores Ann Kohlman, who admitted telling Ms. Meyers that she could pay on the first instead of the twenty-first of each month. GMAC's suit alleged nonpayment of the installments due October 21 and November 21, 1978. Since the contract had been altered by mutual consent of the parties, the installments were not due on those dates. Under the *247 adjusted schedule the due dates were November 1 and December 1. On November 1, 1978, Ms. Meyers sent GMAC a bank money order for $142 and her personal check for $147. These items were received on November 7. On November 14, because the personal check was returned by the bank with the notation "endorsement cancelled", GMAC mailed a form letter requesting "certified funds". (Tr. 31) The letter, received on November 17, gave no indication that the entire note was being called because the installment due November 1 had not been fully paid. On November 18, Ms. Meyers sent a bank money order for $147 to GMAC and heard nothing further until suit was filed on November 28.[1] Ms. Meyers' account was current, and the suit was premature. LSA-C.C.P. art. 2753(2). The trial court concluded that the seizure was not only wrongful but made in bad faith and there is an ample basis for this factual conclusion.
When defendant Meyers reconvened in GMAC's suit to enjoin the sale of the automobile, she had been deprived of her property; it had been physically taken by the sheriff and she was attempting to recover what was rightfully hers (Tr. 16, 17, and 18).[2] The preliminary injunction restrained the sheriff, on behalf of GMAC, from proceeding with the sale. Had the injunction been wrongfully issued, Ms. Meyers would have been liable for damages including attorney's fees of GMAC. LSA-C.C.P. art. 3608. Since the seizure was wrongfully issued and the injunction was properly issued, Ms. Meyers argues that the damages caused by GMAC, including attorney's fees, are recoverable.
Generally, a successful litigant cannot recover attorney's fees except where authorized by statute or contract. Hernandez v. Harson, 237 La. 389, 111 So.2d 320 (1959). At the present time, there is no statutory authority for the recovery of attorney's fees incurred to enjoin a wrongful seizure under executory process. Although attorney's fees are allowed for dissolution of seizures under writs of attachment and sequestration (LSA-C.C.P. art. 3506) and for the dissolution of improvidently issued restraining orders and preliminary injunctions (LSA-C.C.P. art. 3608), the Legislature has not authorized the allowance of such fees in the case of executory process. The question is one which properly addresses itself to legislative action and not judicial fiat. The Court of Appeal erred in making the award as an item of special damages without statutory authority.
Of course, the necessity for litigation is a relevant consideration in assessing general damages. The trial court here gave $3,775.58 in general damages, which is within its discretion under the circumstances. It appears that the trial court recognized the necessity of plaintiff obtaining counsel and engaging in judicial proceedings when making the award. However, the assessment of attorney's fees as an item of special damages is improper.
This is in accord with the case of Fallin v. J. J. Stoval, 141 La. 220, 74 So. 911 (1917) which dealt with a writ of fieri facias, wherein it was held that a claim for attorney's fees was not allowable. Just as there is no statutory provision for attorney's fees to enjoin a wrongful seizure under executory process, neither has the legislature authorized the award of attorney's fees in the dissolution of a wrongfully issued writ of fieri facias. See Nassau Realty Co., Inc. v. Brown, 332 So.2d 206 (La., 1976).
We disapprove of the line of cases from the Courts of Appeal allowing attorney's fees in the case of executory process. E. g., Escat v. National Bank of Commerce in New Orleans, 284 So.2d 832 (La.App. 4 Cir. 1973); General Investment, Inc. v. Gaudet, 303 So.2d 624 (La.App. 4 Cir. 1974); Walker v. J. J. Ellis Lake Providence Furniture *248 Corp., 107 So.2d 550 (La.App. 2 Cir. 1958); Mid-State Homes, Inc. v. Bice, 361 So.2d 275 (La.App. 1 Cir. 1978).
For the foregoing reasons, the judgment of the Court of Appeal is reversed with respect to the award of attorney's fees for the dissolution of the wrongful seizure under executory process; otherwise, it is affirmed.
AFFIRMED IN PART AND REVERSED IN PART.
LEMMON, J., concurs and assigns reasons.
CALOGERO, J., dissents and assigns reasons.
LEMMON, Justice, concurring.
In performing its function, the Legislature apparently made a decision that attorney's fee shall be awarded as an additional item of damages when a creditor wrongfully seizes property under a conservatory writ of attachment or sequestration and shall not be awarded when a creditor wrongfully seizes property under a judgment (by writ of fieri facias) or under a confession of judgment (by executory process). The decision to set up different classifications is justified by the harsh nature of a pre-judgment (or pre-confession of judgment) seizure.
The judicial function is to inquire, not into the wisdom of the legislative decision, but into the intention and legality of that decision. In performing its judicial function, the court in this decision approves the apparent legislative decision discussed above.
CALOGERO, Justice, dissenting.
This Court has allowed attorney's fees for the dissolution of wrongful seizure under executory process. Marine Bank & Trust Co. v. Schaffer, 166 La. 164, 116 So. 838, 842 (La.1928). The First, Second and Fourth Circuits have similarly allowed recovery of attorney's fees. Mid-State Homes, Inc. v. Bice, 361 So.2d 275 (La.App. 1st Cir. 1978); Walker v. J. J. Ellis Lake Providence Furniture Corp., 107 So.2d 550 (La.App. 2nd Cir. 1958); General Investment Inc. v. Gaudet, 303 So.2d 624 (La.App. 4th Cir. 1974).
As was stated in Escat v. National Bank of Commerce in New Orleans, 284 So.2d 832 (La.App. 4th Cir. 1973):
"Executory process is a harsh remedy. It issues immediately, solely upon the ex parte application of the plaintiff, and once the defendant's property has been seized a sheriff's sale automatically follows in due course unless the owner takes affirmative action by way of retaining counsel to enjoin the sale and secure the release of his property. We see no reason why a party who is the victim of an unlawful seizure should be penalized by being denied the right to recover the attorney's fees which he incurs as a result of the wrongful action of the seizing party."
Finding the foregoing jurisprudence controlling I conclude that attorney's fees are recoverable for dissolution of wrongful seizure under executory process. Therefore, I respectfully dissent.
NOTES
[1] The money order (P-6) was later returned to Ms. Meyers with a letter dated December 14, 1978.
[2] An injunction to arrest an executory proceeding is a defense rather than an incidental action. Semel v. Green, 252 La. 386, 211 So.2d 300 (1968).