LABORDE, Judge.
The issues in this property damage suit are whether plaintiff’s car should be re *809 paired with new or used parts and whether attorney’s fees can be awarded without statutory authority. We reduce plaintiff’s award from $1,032.76 to $764.94 and as amended we affirm the decision of the trial court.
Plaintiff, Elverns Chatman, in his brief accepts the statement of facts set forth by appellants which we adopt as our own.
“On February 21, 1980, a 1974 Ford automobile, owned by Michael Kennedy and insured by Insured Lloyd’s, was driven by Albert Dupre, Jr., who was traveling south on South Cane Street in Eunice, Louisiana. When Dupre attempted a left turn onto North Street, he collided with an oncoming vehicle traveling north on South Cane Street, a 1972 Ford pickup truck, owned and operated by Elverns Chatman. Chatman sued the owner (Kennedy), the driver (Dupre) and the insurer (Insured Lloyd’s) of the 1974 Ford in Eunice City Court.
Insured Lloyd’s defended the Chatman suit on the basis of its insured’s assertion that Dupre did not have permission to drive the insured vehicle at the time of the accident. The City Court found Dupre had permission and, consequently, there was coverage. Appellant does not contest this finding on appeal.
At the trial it was stipulated that the only difference between the defendant’s appraiser’s repair estimate of $764.94 (which was dated March 5, 1980) and the plaintiff’s garage owner’s repair bill of $1.032.76 (submitted in July of 1980) was that the appraiser’s repair estimate employed available used parts while the plaintiff’s repairman used new parts for the repair of a 1972 model truck. At the request of the Court and plaintiff’s counsel (see TR. p. 65), the parties did not wait for the defendant’s appraiser (who was subpoenaed and on his way) to appear but instead stipulated to his testimony as the following dialogue occurred: ‘MR. BURSON: Your Honor, by stipulation between the plaintiff and the defendant it is agreed that if Mr. Bob Smith, the appraiser, gave the estimate which has been previously labeled and identified in testimony when it was referred to as Lloyds # 1 were to testify, that he would testify that this estimate of $764.94 was his estimate for repairing Mr. Chatman’s vehicle with the use of used parts in the case of the right fender and in the case of the hood and that these used parts could be purchased or were available for the prices indicated at the establishments that are indicated on the appraisal which are respectively Landry & Son. Langley and Son, excuse me, and the second one being St. Landry Salvage and that as indicated at the bottom of the estimate that Pitre Ford Garage here in Eunice, Mr. Vidrine there, accepted the estimate and was willing to do the work for the indicated rate per hour which is shown at the bottom right hand corner of the appraisal.’ ”
The trial court rendered the following reasons for judgment:
“After reading all cases cited, I feel the actual repairs made to the Chatman vehicle were most reasonable and should be paid. Mr. Chatman impressed me as a very prudent man — a man who cared for and took care of his possessions. I feel that he should be placed in relatively the same position after the accident as before the accident — I feel that he possibly could have collected for some type of trauma and/or loss of value of the vehicle which was not asked for or proved. The Court realizes that in awarding plaintiff the sum of $1032.76 that it does not even place plaintiff in the same or better position that (sic) before the accident. This was a clear case of liability and the insurance carrier for defendant should have tendered payment to plaintiff if a proper investigation had been conducted by the insurance adjuster. In awarding Mr. Chatman the sum of $1.032.76 the court cannot place plaintiff in the same position as before the accident because of the attorney fees involved. The Court in equity feels that an award of $1.302.76 should be granted considering all circumstances. Prepare judgment and submit for approval.” (Emphasis supplied)
*810 Had the trial court elected to award plaintiff the higher estimate without further elaboration, the award would have been within the “much discretion” afforded the trier of fact under Civil Code Article 1934(3) and would not have been disturbed on appeal. However, in its reasons for judgment, especially the portion underscored above, it is clear that the trial court abused its discretion when it considered plaintiff’s obligation to pay attorney’s fees in arriving at its award. Our Supreme Court has recently held that express statutory authority is a prerequisite for recovery -of attorney’s fees. General Motors Acceptance Corporation v. Meyers, 385 So.2d 245 (La.1980). No express statutory authority exists in this case. Therefore, the award must be reduced to $764.94 to avoid the award of prohibited attorney’s fees.
For the above and foregoing reasons the award of the trial court is reduced from $1,302.76 to $764.94 and as amended is affirmed. Costs of this appeal are assessed one-half to appellants and one-half to ap-pellee.
AMENDED AND AFFIRMED.