SAVOY, Judge.
This is a companion suit to Green v. Allstate Insurance Company et al., 254 So.2d 94, (La.App. 3 Cir. 1971), which we have this date decided. Both are suits for damages for deaths arising out of a headon collision between two automobiles in which four persons were killed.
The tragic accident giving rise to these suits occurred at approximately 11:45 P. M. on the night of January 16, 1970, on U. S. Highway 167 in St. Landry Parish between Opelousas and Ville Platte, the point of impact being near Plaisance, Louisiana, approximately 2\/z miles north of the intersection of U. S. Highway 167 and La. Highway 749.
A 1965 Ford Mustang, owned by Kerney Johnson, was being driven in a southerly direction by Dennis Wayne Fontenot (a fact found by the trial judge with which we agree). Occupants of the Mustang were Patrick Gorman and Steve Johnson, the minor son of Kerney Johnson. The other vehicle in the headon collision, a 1962 Chevrolet, was heading in a northerly direction and was driven by Wash Green, the deceased husband of Mrs. Olevia Green. The Chevrolet was owned by Wash Green and carried no liability insurance. The collision killed all three occupants of the Mustang, and the sole occupant of the Chevrolet.
Suit was filed by Kerney Johnson and his wife to recover damages for the wrongful death of their 18-year-old son, Steve, against Allstate Insurance Company, the liability insurer of the 1965 Mustang; and against Aetna Casualty and Surety Company as the liability insurer of J. C. Fon-tenot, the father of Dennis Fontenot, as an excess insurer. Mrs. Olevia Green instituted suit against Allstate and Aetna on her own behalf, as well as on behalf of her minor child, to recover damages for the wrongful death of her husband, Wash Green. Judgment was rendered in favor of Allstate and Aetna and against Mrs. Green and her child in the companion suit. Judgment was rendered in favor of Mr. and Mrs. Johnson in the sum of $2,500.00 each against Allstate, and in the sum of $2,500.00 each against Aetna, said sums being the maximum amounts allowed under the limits of the two insurance policies for bodily injury or death. Judgment was also rendered in favor of Mr. Johnson and against Allstate in the additional sum of $175.00, representing the balance of the burial expenses not previously paid by Allstate.
Mrs. Green appealed, contending the trial court erred in finding her husband guilty of contributory negligence. Allstate and Aetna appealed the judgment against them and in favor of Mr. and Mrs. Johnson, contending the trial court erred in holding that their son, Steve, did not assume the risk of riding with Dennis Fon-tenot who had a blood-alcohol content of .12%.
The trial court found both drivers guilty of negligence which was a proximate cause of the accident, and we think the evidence in the record supports this finding.
The only two eye witnesses to the accident, Miss Ellen Willis and Mrs. Louella DeVille, stated they had followed the Mustang for several miles, and when they noticed the collision, both vehicles seemed to be over the center line of the highway. Trooper Clarence Joubert, Jr. investigated the accident and came to the same conclusion. He testified he found gouge marks near the center line of the highway 18 inches from the center line in the southbound lane, which marks led up to the resting place of both vehicles. He was of the opinion that Dennis Fontenot was the driver of the vehicle as he had a boot lodged under the brake pedal which had to be cut off his foot to enable them to remove young Fontenot from the vehicle. The only other witness who testifed as to the occurrence of the accident was the custodian of the Federal Building in Opelou- *93 sas, Mr. Willie B. Smith. He testified he was several hundred yards behind the Chevrolet, which was heading in a northerly direction, when the accident occurred. He could not tell what the Chevrolet did after it entered the curve prior to the collision, and only saw a resulting flash after the impact.
Having thus concluded that the accident was caused by the joint negligence of the two drivers, we must turn to the question of whether or not Dennis Fontenot was intoxicated, and if so, whether or not Steve Johnson knew or should have known of his intoxication and thus assumed the risk of riding with Fontenot, which would defeat recovery of damages by Johnson’s parents.
Mr. Paul L. Cobb, Jr., Assistant Supervisor of the Louisiana State Police Crime Laboratory, testified that the blood-alcohol content of the occupants of the two vehicles was as follows : Wash Green — .23’% ; Patrick Gorman — .13%; Dennis Wayne Fon-tenot — .12%; and Steve Johnson — .10%. He stated that any person whose blood-alcohol content was .10% or higher was under the influence of alcohol and should not be driving an automobile. Under cross-examination, he admitted that in an earlier case, Matthews v. All American Assurance Company, 226 So.2d 181 (La.App. 3 Cir. 1969), he testified that anyone whose blood contained more than .15% alcohol was under the influence of alcohol, but had since lowered his opinion because the American Medical Association had lowered their opinion as to when one is considered under the influence of alcohol. He also admitted on cross-examination that he did not know whether or not a person with a blood-alcohol content of .12% would exhibit such symptoms as to place others around him on notice of the impairment of his physical and mental faculties.
Mr. Johnson testified he saw his son on the fatal day a short time after he returned from work, but that his son went out and returned around 9:30 P.M. to pick up the Mustang. Since his son’s license had been suspended for one month because of a moving violation, he said they could use the car if Dennis Fontenot would drive, and when it was so agreed, the boys left with Dennis driving. He did not think the boys had been drinking at this time, and he never saw them again.
Mr. J. C. Fontenot, father of Dennis Fontenot, testified that his son, Patrick Gorman, and Romain Daire, cooked out in his outdoor kitchen on January 16, 1970. He said the boys did not appear to have been drinking, and that they had come into the house only once to get the rice cooked by Mrs. Fontenot. They left about 8:30 P.M. to go into town. Steve Johnson was not with the other boys during the time of the cookout.
Ellen Willis testified she had seen the three boys at Lou’s Diner a short time prior to the accident, and each of them had a beer in her presence although they did not appear to be intoxicated. Neither she nor Mrs. DeVille, the driver of the car following the Mustang, testified as to the Mustang being driven in an erratic manner.
A stipulation entered into among all parties was to the effect that if Joseph Romain Daire would testify, he would testify that he was in the company of Steve Johnson, Pat Gorman, and Wayne Fontenot on the evening of the accident, from approximately 6:30 to about 11:10 P.M., and during this period of time they partook of whiskey from a bottle of Evan Williams whiskey, and additionally had two or three beers each.
Have the defendants carried the burden of proving that Dennis Fontenot was intoxicated, and that Steve Johnson knew or should have known that he was intoxicated and thus assumed the risk of riding with young Fontenot? We must answer in the negative.
*94 Defendants rely upon the case of Jones v. Continental Casualty Company et al., 246 La. 921, 169 So.2d 50, (1964) as support for their position that the driver of the Mustang was intoxicated, and that the guest passengers knew or should have known of his intoxication so as to defeat any recovery by their heirs in a subsequent damage suit. In the Jones case, supra, the Supreme Court concluded that a driver with a blood-alcohol content of .11% was intoxicated. However, there was additional evidence presented that the driver of the vehicle had driven at an excessive rate of speed for some time and in the wrong lane of travel.
Conceding arguendo that the driver of the Mustang was intoxicated, we do not feel defendants have carried the burden of proving that the intoxication was a contributing cause of the accident, nor that the occupants of the Mustang knew or should have known that young Fontenot had a sufficient quantity of intoxicants to make him lose normal control of his mental and physical faculties causing such faculties to be materially impaired. In the Jones case, supra, as well as in the other cases cited by defendants, Brown v. Collins, 223 So.2d 453 (La.App. 3 Cir. 1969), Matthews v. All American Assurance Company, supra, and Otis v. New Orleans Public Service, Inc., 127 So.2d 197 (La.App. 4 Cir. 1961) the intoxicated driver was either exhibiting errant driving or some other outward sign which would or should have placed the passengers on notice of the intoxication of the driver. Neither of these requisites is present in this case. In fact, no testimony whatsoever was present that would prove that Steve Johnson should have known that Dennis Wayne Fontenot was intoxicated.
For the foregoing reasons, the judgment appealed from is affirmed at defendants’ costs.
Affirmed.