WATSON, Judge.
This is an appeal by Mid-State Homes, Inc., plaintiff from judgment rendered in favor of Clement Lertrge (Lartigue)[1] and his wife, Roselle B. Lertrge (Lartigue), defendants which sustained an exception of no cause and no right of action, dismissed plaintiffs’ petition for executory process, and issued a preliminary injunction against the sale of the Lartigues’ home.
MOTION TO DISMISS APPEAL
Defendants have moved to dismiss the appeal on the basis of LSA-C.C.P. art. 2642, contending that plaintiff is not entitled to a devolutive appeal. This article is not applicable to an appeal from the granting of a preliminary injunction; the right to a devolutive appeal from an order issuing a preliminary injunction is granted by LSA-C.C.P. art. 3612. Therefore, the motion to dismiss the appeal is denied.
ON THE MERITS
Mid-State filed a petition under executo-ry process against the Lartigues demanding that their home be seized and sold. While the petition alleges that an installment due November 5, 1971 was delinquent (an incorrect assertion), the principal claim of Mid-State concerns an amount alleged to have been paid for insurance.
The allegation, having to do with insurance, numbered “Va.”, reads as follows:
“In said Act of Mortgage, mortgagors agreed and bound themselves to pay all taxes and assessments and to keep the improvements insured against loss by fire or other hazards and upon failure to do so, the mortgagee, at its discretion, has the privilege to pay same and to collect interest at the rate of six per cent (6%) per annum on said payment, and mortgagee hereby avers that in exercise of said privilege, it has paid fire and hazard insurance premiums in the amount of SIX HUNDRED NINETY SIX & NO/100.DOLLARS ($696.00), which it is entitled to recover with interest in this proceeding.” (TR. 4).
The Lartigues filed various pleadings in the trial court including an exception of no cause and no right of action and a demand for a preliminary injunction against the seizure and sale of their home.[2] In this court, the Lartigues have answered the appeal asking for an increase in the attorney’s fee.
A hearing was held by the trial court and while no written reasons were assigned, judgment was entered in favor of the Lar-tigues and against Mid-State sustaining the exception of no cause and no right of *1232 action,[3] dismissing the petition for executo-ry process and issuing a preliminary injunction against the sale of the property. An award of $300 was made to the Lartigues’ attorney as a fee for dissolving the writ of seizure and sale.
The resolutory issue on appeal is whether the legal requirements for executory process were met by Mid-State.
Our examination of the record answers this question in the negative. While a claim for repayment of insurance premiums may be made through executory proceedings and while it is not required that evidence of such payments be in authentic form, the requirements of LSA-C.C.P. art. 2637 are quite precise. They read in pertinent part as follows:
“Evidence as to the proper party defendant, or as to the necessity for appointing an attorney at law to represent an unrepresented defendant, or of the breach or occurrence of a condition of the act of mortgage or privilege maturing the obligation, need not be submitted in authentic form. These facts may be proved by the verified petition, or supplemental petition, or by affidavits submitted therewith.
“If a mortgage sought to be enforced secures the repayment of any advances made by the holder of the mortgage note for the payment of taxes, insurance premiums, or special assessments on, or repairs to, or maintenance of, the property affected by the mortgage, the existence, date, and amount of these advances may be proved by the verified petition, or supplemental petition, or by affidavits submitted therewith.”
******
The specific requirement of the second paragraph is that the “existence, date, and amount” of the premiums may be proved (meaning that they must be proved but not necessarily by authentic act) by the filing of a verified petition, supplemental petition or affidavit. The only allegation by Mid-State is paragraph “Va.” quoted above. The paragraph does not particularize the existence, date or amount of the alleged payment of insurance premiums on behalf of the Lartigues, and, as a consequence, the requirements of Article 2637 for the use of executory process are not satisfied.
Therefore, the judgment of the trial court was correct in enjoining the seizure and sale of the Lartigues’ property. However, the trial court erred in dismissing the suit; the exception was incorrectly considered and the issuance of the preliminary injunction is only interlocutory. The case must be remanded for further proceedings according to law.
ATTORNEY’S FEE
 The trial court awarded $300 to the Lartigues’ attorney for obtaining dissolution of the seizure and sale. An allowance of attorney's fees in such cases is proper. Phillips v. Great So. Mortg. & Loan Corp., 350 So.2d 1279 (La.App. 3 Cir. 1977); Walker v. J. J. Ellis Lake Providence Furniture Corp., 107 So.2d 550 (La.App. 2 Cir. 1958). An increase for services on appeal is appropriate since the appeal has been answered. An additional $300 is allowed.
Therefore, the judgment of the trial court is affirmed as to the issuance of the preliminary injunction; the sustaining of the exception of no cause and no right of action and the dismissal of the petition are reversed; and the judgment is amended to increase the attorney’s fee awarded to Preston N. Aucoin, counsel for defendants, to the total sum of $600. The suit is remanded for further proceedings according to law.
All costs are taxed against Mid-State Homes, Inc.
AMENDED AND AFFIRMED in part; REVERSED in part and REMANDED.

. The name is spelled “Lertrge” in the caption of the suit, but the correct spelling is apparently “Lartigue”, and the latter spelling will be used in this opinion.

. The Lartigues also sued for damages and Mid-State reconvened for damages, but these , matters are not before the court and will not be considered further.

. The trial court was incorrect in sustaining the exception of no cause and no right of action; it is not an available procedural device in a suit for executory process. Defenses may be asserted only through an injunction proceeding or a suspensive appeal. LSA-C.C.P. art. 2642.