383 So.2d 99 (1980)
MID-STATE HOMES, INC., Plaintiff-Appellant,
v.
Clement LARTIGUE et al., Defendants-Appellees.
No. 7510.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1980.
Joseph E. Anzalone, Jr., Amite, for plaintiff-appellant.
Preston N. Aucoin, Ville Platte, for defendants-appellees.
Before SWIFT, STOKER and LABORDE, JJ.
SWIFT, Judge.
This case is before the court for the second time. Plaintiff-appellant, Mid-State Homes, Inc., originally filed a petition seeking seizure and sale of defendants' property through executory process. A writ of seizure was issued and served on defendants, Clement and Roselle Lartigue. In response to the seizure, defendants filed a petition demanding an injunction of the seizure and sale and damages for wrongful seizure. Defendants also filed an exception of no cause and no right of action to plaintiff's suit for executory process. Following a hearing the trial judge sustained the exception and dismissed Mid-State's suit for executory process; issued a preliminary injunction enjoining the seizure and sale of defendants' property; and awarded attorney's fees to the latter.
On appeal this court, finding that Mid-State had not met the legal requirements for executory process, affirmed that part of the trial court's judgment issuing a preliminary injunction and awarding defendants attorney's fees. Noting, however, that the trial judge had erred in dismissing the suit on the exception, we reversed the judgment in this respect and remanded the case for further proceedings. Mid-State Homes, Inc. v. Lartigue, 367 So.2d 1230 (La.App. 3 Cir. 1979).
*100 On remand, after hearing testimony principally in regard to damages, the trial judge granted a permanent injunction enjoining the seizure and sale of the Lartigues' property and awarded damages to each defendant in the sum of $1,250.00 plus $750.00 as attorney's fees.
Mid-State has perfected this appeal from the lower court's ruling.

MOTION TO DISMISS
The defendants have filed in this court a peremptory exception of "no interest, no right of action and no cause of action" and a motion to dismiss the appeal, subject to a reservation of right to urge an increase in the award of attorney's fees for services performed in connection with the appeal. The Lartigues contend in support of their exception and motion that Mid-State has abandoned or waived its right to executory process by converting the proceeding to one via ordinaria and no longer has an appeal before this court. They cite as authority Meadow Brook National Bank v. Lafayette Royale Apts., 187 So.2d 793 (La.App. 3 Cir. 1966).
Although it is not in the record before us, both parties have attached to documents submitted here copies of a supplemental and amending petition filed by Mid-State in the district court after this appeal was perfected wherein the plaintiff prays that the executory proceedings be converted into an ordinary proceeding in accordance with LSA-C.C.P. Art. 2644. Both sides acknowledged in their briefs that such conversion has been accomplished. However, we have now learned that the trial court has dismissed, with prejudice, the supplemental petition on defendants' exception to the jurisdiction and the plaintiff has taken another appeal to this court from such ruling.
Be that as it may, all issues that have arisen as a consequence of the filing of the supplemental petition, and particularly whether or not this executory proceeding was duly converted to ordinary process, are not before us for determination on this appeal because the supplemental petition was not filed until after it was taken. They, of course, will be considered on the subsequent appeal.
It is our opinion that the defendants' exception and motion to dismiss this appeal lack merit and must be overruled. Regardless of whether the executory process has been converted, this appeal has not been abandoned insofar as the awards in the judgment of damages for wrongful seizure and attorney's fees are concerned.

ON THE MERITS
In our previous decision this court held that plaintiff failed to meet the requirements for executory process and that the seizure of defendants' property was wrongful. Consequently, that issue has also passed out of the case.
Under our jurisprudence a party aggrieved by a wrongful seizure is entitled to recover not only the special damages caused him, but also general damages for mortification, humiliation, mental worry caused by the intentional violation of his property rights. Moses v. American Security Bank of Ville Platte, 222 So.2d 899 (La.App. 3 Cir. 1969).
Needless to say, in the appellate review of damage awards we are required to give full effect to our Civil Code Article 1934 which provides, in part, that in the assessment of general damages, "much discretion must be left to the judge or jury." Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1977); Reck v. Stevens, 373 So.2d 498 (La. 1979).
Mr. Lartigue testified that the seizure of his property caused him to worry very much, almost to the point of being sick. He said he could not sleep at night, because he was afraid he was going to lose his home. He stated that he made 20 trips to his attorney's office in relation to the suit. Mrs. Lartigue testified that the seizure caused her great worry. From the record, it does appear that the Lartigues were quite distressed as a result of the seizure of their property. While the awards of $1250.00 in damages to each defendant *101 may appear to be on the high side inasmuch as the Lartigues were never dispossessed, we are unable to say that they are beyond the limits of the trial judge's discretion.
Attorney's fees are also allowable in wrongful seizure cases. May Co., Inc. v. Heirs of Sumage, 347 So.2d 916 (La.App. 3 Cir. 1977); General Motors Acceptance Corp. v. Meyers, 377 So.2d 1355 (La.App. 3 Cir. 1979) Writ granted; Escat v. National Bank of Commerce in New Orleans, 284 So.2d 832 (La.App. 4 Cir. 1973). The trial judge awarded $750.00 for attorney's fees. We find no abuse of discretion in this award. The Lartigues answered Mid-State's appeal seeking an increase in attorney's fees. This court finds an additional award of $250.00 for attorney's fees is appropriate for the services rendered on appeal.
For the above and foregoing reasons, the peremptory exception and motion to dismiss filed by the defendants in this court are overruled and judgment rendered herein by the trial court on June 6, 1979, is amended to increase the award for attorney's services in both courts to $1,000.00. In all other respects, the judgment appealed from is affirmed. The costs of this appeal are assessed to the appellant.
AFFIRMED AS AMENDED.