DOUCET, Judge.
The plaintiff, a guest passenger in an automobile being driven by Karl Fontenot, was involved in an accident with a Texas Petro Gas tanker truck on October 18, 1979, in the City of Lafayette, and filed suit on her behalf and on behalf of her minor son. After trial on the merits, the trial judge rendered judgment in favor of plaintiff in the sum of $42,702.80 and against defendant, Texas Petro Gas Company from which judgment defendant has perfected this sus-pensive and devolutive appeal.
In his appeal defendant alleges that: 1) His employee’s actions were executed with the utmost safety and did not breach either a statutory or civil duty owed plaintiff; 2) The accident was caused by the intoxication of Mr. Fontenot, driver of the other vehicle, which intoxication was known by the plaintiff who nevertheless voluntarily rode with him and therefore cannot recover for injuries received in said accident; and 3) The trial judge clearly abused his discretion for pain and suffering and lost wages for psychiatric problems not caused by the accident in question. The plaintiff answered the appeal seeking an increase in damages.
The collision occurred when a Texas Pe-tro Gas tanker truck, being driven by Ronald G. Olivier while in the course and scope of his employment, made a left turn on North University Avenue in the City of Lafayette, and entered the driveway of a customer’s premises to which he was attempting to make a delivery. A gate on the customer’s premises prevented the truck from completely clearing the avenue, and the driver alleges that he began alighting from the truck in order to open the gate when a northbound vehicle, driven by Karl Fontenot in which the plaintiff, Linda Guil-lory, and her minor son Shannon Michael Guillory, were passengers, collided with the right rear end of the truck which was protruding approximately four feet into the four lane avenue. Linda Guillory was knocked unconscious and taken to the emergency room at a local hospital. Her son was also taken to the hospital. The police were summoned to the scene of the accident, and the investigating officers observed that the driver of the automobile, Mr. Fontenot, appeared intoxicated and ultimately tests were given to him, both from a standpoint of observation of coordination and chemical, which resulted in a positive finding of intoxication on his part. The driver of the truck, Ronald Olivier, was issued a traffic citation for failure to yield the right of way. Subsequent to the accident, the plaintiff appeared at various doctors for treatment of personal injuries and psychiatric problems. Suit was filed, wherein the primary issue was whether the accident was caused by the defendant’s failure to yield prior to executing a left turn, or whether the driver of the other auto failed to avoid the accident due to his intoxication.
The trial court found that the defendant was negligent in parking his truck so as to obstruct the right of way, and that the plaintiff was unaware of Fontenot’s intoxication, therefore, she could not be said to have assumed the risk of riding with him. We affirm.
Both parties call attention to the applicability, or lack thereof, of Louisiana Revised Statute 32:141(A) which provides:
*609 “Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.”
The violation of such a traffic ordinance is negligence per se if the accident was one which statute was enacted to prevent and the violation thereof caused the accident. Dixie Drive It Yourself System v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962). However, as appellant points out, the above cited statute is not applicable where alleged violations occurred within a business or residential district. Reed v. City of Alexandria, 212 So.2d 286 (La.App. 3rd Cir. 1968); Steagall v. Houston Fire & Casualty Insurance, 138 So.2d 433 (La.App. 3rd Cir. 1960); Chatagnier v. Allstate Insurance Co., 248 So.2d 590 (La.App. 3rd Cir. 1971). Nonetheless, the defendant may be found negligent although not negligent per se. Leaving a vehicle partly blocking a highway may constitute actionable civil negligence even though such conduct does not constitute an express statutory violation. Levron v. Dupre, et al., 307 So.2d 107 (La.App. 1st Cir. 1974). There was a sufficient factual basis from which the trial judge could conclude that such was the case here. Mr. Fontenot reported to investigating officers that the truck was so close as to constitute an immediate hazard, and that he was unable to pass due to the presence of another vehicle. Ms. Guillory, who was knocked unconscious, testified that the trailer pulled in front of them and there was a crash and that’s all she remembered. The standard of review in a factual dispute such as the one before us is explained in Canter v. Koehring, 383 So.2d 716 (La.1973):
“When there is evidence before the trier of facts which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.”
Accord: Boustany v. Fluid Dynamics, Inc., 392 So.2d 750 (La.App. 3rd Cir. 1980); Johnson v. Coca Cola Bottling Co., Inc., 286 So.2d 993 (La.App. 3rd Cir. 1980). We find no manifest error.
For the same reason the trial court’s finding that plaintiff was unaware of Fon-tenot’s intoxication must also remain undisturbed. Ms. Guillory had just left her place of employment and had been in the vehicle for approximately ten minutes before the accident, during which time she observed no indication of drinking. Additionally, there was sufficient evidence from which the trial court could conclude that Fontenot lacked a sufficient quantity of intoxicants to make him lose normal control of his mental and physical faculties to the extent that same was materially impaired. Cf.: Johnson v. Allstate Insurance Co., 254 So.2d 91 (La.App. 3rd Cir. 1971).
The appellant’s third assignment of error is that the trial judge abused his discretion in awarding damages for pain and suffering and lost wages for psychiatric problems not caused by the accident in question. Appellant attacks the validity of *610 plaintiff’s treatment by a social worker at the Acadiana Mental Health Center, however, this is the accepted way of handling patients at the Center and it would be an injustice to penalize her due to her inability to afford private treatment. Additionally, Drs. Goldware, Fontenot, Pruss, and Landry testified by deposition or appearance, and their testimony provided sufficient evidence for the trial court’s award of damages. Dr. Landry testified that the accident was the primary contributing factor to the physical and neurotic conditions plaintiff complained of. Appellant further complains that the plaintiff had a history of personal problems and that plaintiff’s present complaints were unrelated to the accident. However, defendant did not produce any expert testimony to rebut plaintiff’s testimony and it is elementary that a tortfeasor takes his victim as he finds him. We will not disturb reasonable evaluations of credibility and inferences of fact simply because another result might be just as reasonable. Aleman v. Lionel F. Favret Co., Inc., 349 So.2d 262 (La.1977); Canter v. Koehring, 283 So.2d 716 (La.1973); Boustany v. Fluid Dynamics, Inc., supra; Johnson v. Coca Cola Bottling Co., Inc., supra. Before this court will disturb an award by the trial court, the record must clearly reveal that the trier of fact abused its much discretion in making the award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977); Reck v. Stevens, 373 So.2d 498 (La.1979); Mid State Homes Inc. v. Lartigue, 383 So.2d 99 (La.App. 3rd Cir. 1980). As we find no abuse of discretion the appeals of both plaintiff, who sought an increase of damages for herself and an award for her minor son, and defendant in this regard, must fail.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the defendant.

AFFIRMED.