STOKER, Judge.
This is an appeal from a judgment rendered in favor of the plaintiff, Jimmie Ar-doin, d/b/a Ardoin’s Auto Sales, in a suit for a deficiency judgment filed against the defendants. The defendants have appealed, and the plaintiff has answered the appeal seeking an increase in the amount awarded. The amount of the demand was $1,052.54, but the judgment was for $927.06. The fundamental issue presented by the defendants in this appeal is whether the plaintiff’s petition for executory process was defective in that plaintiff failed to *708 set forth the proper allegations of breach and default on the obligations secured by the chattel mortgage.
We reverse the judgment of the trial court.
FACTS
The plaintiff, Jimmie Ardoin, d/b/a Ar-doin’s Auto Sales (Ardoin’s), filed a petition for executory process seeking the seizure and sale of the defendants’ 1978 Ford Thunderbird. The petition alleged that there was an outstanding balance of $1,052.54 due, which defendants had failed to pay, and that under the acceleration clause of the note that amount was then due and exigible. Pursuant to this demand, the vehicle was seized by the sheriff of St. Landry Parish and scheduled for sale. The notice of seizure was served upon the defendants. The vehicle was sold at public sale, with appraisal, to satisfy the debt. The proceeds of the sale were insufficient to satisfy the debt, and the petition for a deficiency judgment was thereafter filed. The defendants answered by way of general denial but later amended their answer. In the amended answer, the defendants alleged that the obligation was extinguished by payment.
After trial on the merits, the trial court granted judgment to the plaintiff in the amount of his demand, less $125.48 deemed to have been paid for liability insurance not required by the mortgage. It is this judgment which the defendants have appealed.
SUFFICIENCY OF THE ALLEGATIONS IN PLAINTIFF’S PETITION FOR EXECUTORY PROCESS
The defendants, in their brief, contend that the plaintiff failed to properly set forth the facts giving rise to the breach of the obligations assumed in the note and chattel mortgage in his petition for exec-utory process. Defendants argue that plaintiff was required to allege separately the amounts in default, as well as the items the amounts represent, rather than pleading a total balance due. LSA-C.C. art. 891 and art. 2634.
The plaintiff argues that the defendants are precluded from raising issues concerning alleged defects in the executory proceeding in the subsequent suit for the deficiency judgment. We disagree with the plaintiff’s contention for the reason stated by the court in Universal C.I.T. Credit Corporation v. Spring, 242 So.2d 73, 75 (La.App. 1st Cir.1970), writ not considered, 258 La. 560, 246 So.2d 863 (1971). The court said:
“Article 2642 is directory and states that defenses and procedural objections to an executory proceeding may be asserted either by means of an injunction or a suspensive appeal. The failure of the defendant to use one of these methods would not, in our opinion, prohibit him in a proper case from filing a separate action to question the validity of executory proceedings. Our jurisdiction has sanctioned the questioning of the validity of executory proceedings by means of a separate suit or action, [citations omitted] The amount of the deficiency for which plaintiff seeks the judgment is entirely dependent on the exec-utory proceedings wherein the security was sold and the proceeds therefrom were credited to the writ. Thus, in a suit for a deficiency judgment the defendant should be able to show that the exec-utory proceedings were a nullity for failure to strictly comply with the letter of the law.”
Ardoin’s petition for executory process reads, in pertinent part, as follows:
“4.
This promissory note executed by defendants CLYDE K. GREEN & BARBARA E. GREEN was dated October 20, 1982 in the principal sum of $4,487.76 made payable in 24 monthly installments of $186.99 each, the first to become due on December 1, 1982 and one on the same date of each ensuing month ther-eafer until paid, with interest at the rate of 24% per annum from December 1, 1982 until paid and 25% attorney fees in collecting same, plus all court costs.
*709 “5.
Petitioner is the owner and holder of said note, and shows that there is a balance of $1,052.54 and that defendants have failed to pay some[sic], nothwithstanding repeated amicable demand made therefore[sic].
“6.
Petitioner shows that under the accelera-tory provisions of said note and vendor’s lien and chattel mortgage, the entire balance of said obligation, amounting to the sum of $1,052.54 is presently due and exigible.”
The petition fails to state that particular installments on the note are due and in default. It further fails to itemize any unpaid charges for insurance premiums paid by the mortgagee or any interest accrued since maturity and secured by the mortgage upon the defendants’ vehicle. LSA-C.C. art. 2637. The absence of these specific allegations in a petition for exec-utory process or a failure to provide other proof of these facts has been held to be a fundamental defect in the proceeding which will prohibit the plaintiff from subsequently obtaining a deficiency judgment. See Chrysler Credit Corporation v. Stout, 404 So.2d 304 (La.App. 3d Cir.1981), and Mid-State Homes, Inc. v. Lertrge, 367 So.2d 1230 (La.App. 3d Cir.1979), after remand, 383 So.2d 99 (La.App. 3d Cir.1980). We find that the plaintiff’s petition was lacking these requirements, therefore plaintiff is precluded from obtaining a deficiency judgment against the defendants.
PLAINTIFF’S ANSWER TO THE APPEAL
Plaintiff answered this appeal seeking an increase in the amount awarded. That amount being more specifically the $125.48 determined by the trial court to have been paid for public liability insurance not required by the mortgage. In light of our decision to reverse the judgment of the trial court in favor of the plaintiff, we need not consider the plaintiff’s answer to this appeal.
Accordingly, the judgment of the trial court is reversed. The costs in this case incurred in the trial court and on appeal are assessed to the plaintiff-appellee.
REVERSED.