DUFRESNE, Judge.
Diversified Services, Inc., d/b/a Budget-Rent-A-Car, and Hector Villafone, a lessee of a Budget automobile, defendants-appellants, bring this appeal from an adverse judgment in favor of Clark D. Matthews, plaintiff-appellee, for damage to his automobile. Matthews has answered, alleging that this appeal is frivolous, and seeks damages pursuant to La.Code Civ.Pro. art. 2164. Because we find that the trial judge *604 erred in not finding Matthews partially at fault in causing the accident, we amend the judgment to so provide. In so ruling, we necessarily conclude that the appeal was not frivolous, and therefore dismiss Matthews’ prayer for damages.
The facts are straightforward. Villa-fone, a Puerto Rican visiting in New Orleans, rented an automobile from Budget and purchased liability insurance for the rental term. Being unfamiliar with the city, he stopped in the right southbound lane of traffic on Clearview Parkway, a six lane divided road, near its intersection with Airline Highway, to study a street map. He did not recall whether he had on his emergency flashers during the two or three minutes that he was stopped, but both Matthews and Rosemary Clesi, a witness, testified that these lights were not on, and the trial court credited the testimony of these latter witnesses on this point.
Matthews was traveling in the right southbound lane of Clearview, and had stopped at the red light at the Airline intersection behind a white car. Clesi was stopped behind Matthews. When the light turned green, these three drivers proceeded one behind the other across Airline and then over a set of railroad tracks which run parallel to the highway.
Matthews testified that as he was crossing the tracks, at between 25 and 30 miles per hour, the white car in front of him suddenly veered to the left into the center lane of traffic. At that point, Matthews first saw Villafone stopped in the right lane in front of him. He explained that his Ford Mustang is a low automobile, and the white car was blocking his view of the road ahead, so he was unable to see the parked car until the white car changed lanes. On seeing Villafone he applied his brake and skidded to the left to avoid hitting him. However, an eighteen-wheel truck traveling in the center lane struck Matthews’ car rendering it a total loss. Villafone, believing that he had played no part in the accident, drove off. Ms. Clesi testified that there was a driveway near where Villafone had stopped where he could have gotten off the road, and that there was also a side street some 100 feet further on, where he could also have left Clearview.
On this evidence, the trial judge concluded that Villafone was negligent in stopping in a lane of traffic to look at a map when there were places where he could readily have gotten off the traveled lane of the road. He further concluded that this negligence was the sole cause of the accident, and awarded Matthews $3,168.00 for loss of his automobile. The amount of damages is not contested.
In their appeal, Budget and Villafone urge that the sole cause of the accident was Matthews’ negligence in failing to keep a proper lookout and following the preceeding white car too closely. Alternatively, they argue that such negligence was at least a contributing partial cause, and therefore that damages should be apportioned pursuant to La.Civ.Code art. 2323. We agree with this latter contention, and for the following reasons apportion 33⅛% of the fault in causing this accident to Matthews.
We first address Villafone’s negligence. Under La.R.S. 32:141, it is illegal to stop on the traveled portion of a highway outside of a business or residential district, except in case of a breakdown. The trial judge found this statute inapplicable because the roadway at issue is in a residential or business district. However, as noted in Guillory v. Texas Petro Gas Co., 405 So.2d 607 (La.App. 3rd Cir.1981), a driver may be found negligent even though his conduct does not violate a statute. Here, Villafone simply stopped in a lane of traffic to look at a map, when he could readily have left the road and not obstructed the roadway. In this circumstance, the trial judge was correct in finding that he was negligent in creating a hazard for other motorists.
As to Matthews, he had a duty to maintain a lookout ahead for possible obstructions in the road, even if such obstructions were negligently brought about.
Facts similar to those before us existed in Prothro v. Dillahunty, 488 So.2d 1163 (La.App. 2nd Cir.1986). There, Prothro *605 took his car out on the highway knowing that it was not running properly. The car stalled in the right lane of the highway and Prothro did not steer it off the roadway as he could easily have done before it stopped rolling. Dillahunty was following another vehicle in the right lane and did not see Prothros’ car until the lead vehicle changed lanes to avoid the stalled car, at which time it was too late for him to avoid the collision. The court held that Dillahunty was partially at fault in not maintaining a proper lookout ahead.
In the present case, we similarly hold that Matthews failed to keep a proper lookout ahead, and must also have been following the preceeding white car too closely. Matthews admitted that the white car was completely obstructing his view ahead. Under that condition he had a duty to leave enough space between himself and the white car to stop in case of an unexpected hazard in the road ahead. He obviously did not do so, and is therefore partially at fault in placing his vehicle in a situation from which he could not safely extricate it when confronted by the hazard created by Villa-fone.
The final issue is what percentage of fault should be attributed to Matthews. Following the guidelines set forth in Watson v. State Farm Casualty Ins., Co., 469 So.2d 967 (La.1985), we find that Matthews was one-third at fault. We so determine because the action of Villafone in stopping in a lane of travel for no other purpose than to look at a road map created a risk completely disproportionate to the purpose for which he stopped, particularly where he could readily have avoided the danger entirely by leaving the roadway. Although Matthews was also negligent, the particular facts of the incident show that Villafone should bear two-thirds of the responsibility for its occurance, and we so rule.
For the foregoing reasons, the judgment of the trial court is amended to apportion fault one-third to Matthews and two-thirds to Villafone, with costs of this appeal to be borne in an equal proportion between appellants and appellee.
AMENDED AND AS AMENDED AFFIRMED.