DUFRESNE, Judge.
This lawsuit comes to us on appeal from a decision of the First Parish Court in *1102 Jefferson, awarding the return of a purchase deposit, attorney’s fees, and interest from judicial demand.
Plaintiff, Byron Rusich contracted with the defendants, Dennis Cronan and his former wife, Marguerite D. Cronon to purchase immovable property which was owned by the former community regime.
According to the purchase agreement, the selling price was $70,000.00 with $14,-000.00 down and the balance financed over 30 years at an interest rate not exceeding 10.85% per annum. At the time the agreement to purchase/sell was signed, Rusich deposited with the Cronans $2,100.00 which was to be held in escrow until sufficient financing could be secured. Rusich filed a loan application with Enterprise Federal Savings and Loan Association to borrow the necessary purchase balance, but was rejected. Because Rusich could not obtain the necessary financing he notified counsel/notary for the Cronans that he was unable to secure the money needed to purchase the property and requested the return of his deposit.
In spite of Rusich’s demand, the $2,100.00 deposit was disbursed to the Cro-nans. Shortly thereafter, Rusich made formal demand upon the Cronans for the return of the deposit, to no avail. As a result, Rusich filed a lawsuit in First Parish Court. After trial, the court reasoned that Rusich had made a good faith effort to secure the required financing pursuant to the purchase agreement and awarded the return of the $2,100.00 deposit and attorney’s fees of $700.00, as well as interest from date of judicial demand. From this judgment only Dennis Cronan has appealed.
Regarding the issue of attorney’s fees, we find that under the facts of this case, no attorney’s fees are permitted by law. A party may not recover attorney's fees except where authorized by statute or provided for by contract General Motors Acceptance Corporation v. Meyers, 385 So.2d 245 (La.1980). No attorney’s fees were stipulated in the purchase agreement nor are they authorized by any statute.
We hold that Rusich failed to state a cause of action for recovery of attorney’s fees and the court improperly concluded this element as recoverable under the facts of this case.
Accordingly, the award of attorney fees will be reversed.
As to the award of interest, we find interest owing from date of judgment.
LSA-C.C.P. art. 1921 states that:
“The court(s) shall award interest in the judgment as prayed for or as provided by law.”
This lawsuit involves the return of earnest money deposited with the sellers (Cro-nans) as a result of a contractual agreement and withheld without lawful cause. Neither the contract nor any statute provides for the award of interest from date of judicial demand. Furthermore, since Ru-sich failed to pray for an award of interest from date of judicial demand in his petition, we find any award of interest from the date of filing his petition to be unsupported by law. Accordingly, the judgment will be amended to provide interest from the date of judgment.
Finally, with respect to this judgment, we have concluded the defendants to be solidary obligors. Either party-defendant is responsible for the payment of the judgment in whole, but subject to contribution from the other.
At the time that the agreement to purchase/sell was signed, the Cronans were joint-owners in indivisión of the property. The real estate was acquired during the existence of the community regime and under the facts, the property could not have been transferred to another unless the parties so agreed. The obligation to convey the property was indivisible.
LSA-C.C. art. 1818 reads:
“An indivisible obligation with more than one obligor or obligee is subject to the rules governing solidary obligations.”
The deposit of earnest money was placed in escrow for the joint use and benefit of the Cronons.
*1103 For the above reasons, we affirm the judgment of the trial court awarding the return of the deposit of $2,100.00; however, we reverse the awarding of attorney’s fees and amend the judgment to provide legal interest from the date of judgment.
DECREE
Judgment herein is awarded in favor of Byron C. Rusich and against Dennis E. Cronan and Marguerite Damonte Cronan in the amount of $2,100.00 with legal interest from May 24, 1988, the date of judgment and for all costs of these proceedings.
. AFFIRMED IN PART, REVERSED IN PART AND AMENDED AND RENDERED.